## SAMUEL STEUMBAUGH

### *v.*

## THOMAS J. HALLAM *et al.*

EVIDENCE — *presumption* — *in suit by payee against maker on promissory note* — *when defendant sets up payment* — *but plaintiff produces note from his possession.* Under our statute allowing parties to testify, where in a suit upon a promissory note the defendant sets up payment, and there is no material evidence bearing upon the question of payment, except that of the parties, each of whom directly contradicts the other, the fact that the plaintiff produces the note from his possion, uncanceled, corroborates his testimony to that extent as will give to him the right to recover.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was a bill in chancery, filed by the plaintiff in error, against defendants in error, in the Circuit Court of Tazewell County, in which it was alleged, that, on the 22d day of January, 1866, the defendant, Hallam, executed to him two notes of that date, one for $1,120.00, and another for $1,060.00, for the balance of the purchase money for certain premises on that day conveyed by the plaintiff to said Hallam, the payment

of which was secured by a mortgage on the same lands, executed by the said Hallam to the said plaintiff in error. The bill further alleged, that on a subsequent day, plaintiff delivered the said mortgage to the said defendant, Hallam, for the purpose of having the same recorded, but that he, Hallam, did not record the same, but on the contrary, borrowed a sum of money from the defendant, Davenport, and gave to him a mortgage therefor, upon the same premises. The bill prays, that the defendant, Hallam, may be decreed to deliver up to the plaintiff the said mortgage so belonging to him, or be required to execute another mortgage upon the premises, to secure said notes, and that said such mortgage, when executed, shall stand as a first lien on the premises. To this, the defendants in error answered, without oath, the defendant, Hallam, setting up payment as a defense to the suit, and this question alone is considered by the court.

Messrs. PRETTYMAN & RICHMOND, for the plaintiff in error.

Mr. JOHN B. COHRS, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only question in this case is one of fact. Had Hallam paid all the three notes secured by the mortgage, or only the note for $1,300? On this point, the complainant and defendant were each sworn, the former positively testifying only the $1,300 note was paid, the latter swearing, with equal positiveness, that all were paid.

It may safely be laid down as a general rule, under our recent statute authorizing parties to testify, that in suits to collect notes, where the plaintiff or complainant has them, uncanceled, in his possession, and the defendant sets up payment, if there is no material evidence besides that of the parties, one of whom swears the notes have been paid, and

the other that they have not been, the presumption arising from the fact of their possession, uncanceled, by the party claiming, should be regarded as turning the scale in his favor. Any other rule would furnish strong temptations to perjury, and be very perilous to creditors. In the case before us, the parties themselves are the only positive witnesses upon the question of payment, and the testimony of the complainant is corroborated by the fact that he produces the notes from his possession. For this fact, the defendant cannot account, except by his own evidence. The mortgage, it is true, comes from the custody of the defendant, but this is accounted for, not merely by the testimony of the complainant, but by the equally positive and disinterested evidence of Meek, who drew the mortgage, and in whose presence the complainant entrusted it to the defendant to be taken to Pekin for record, giving him a dollar to pay the cost of recording—a trust which the defendant did not fulfil.

So far as the testimony of other witnesses bears upon this question, the preponderance, we think, is with the complainant. Thus, to support the defendant's theory of payment, it was important to him to place the payment of the $1,300 at a date before the money was borrowed by him from Davenport, and such he swore was the fact. Yet, the witness, Ley, swears to having seen the $1,300 note in the hands of complainant after the Davenport loan, and at about the same time the defendant swears he paid the other two notes, and he remembers computing the interest upon it. If this be true, there is a very strong presumption that the money borrowed from Davenport was applied in the payment of that note, and if it was so applied, there is no pretense that the other notes are paid. In connection with this testimony of Ley, is to be considered the fact, that the defendant makes no attempt whatever, even by his own testimony, to show where he got the money with which, as he alleges, he paid the $1,300 note.

Yet, he had no money when he bought the land in January, and he swears he paid this note in the spring.

Where had he obtained the money? This was a fact quite easily proven, and his failure to give evidence on that point, must necessarily receive an unfavorable construction. If, as he says, the money received from Davenport was applied on the payment of the second and third notes, whence came the means of paying the first? It is true, the evidence of complainant is contradicted by that of some other witnesses, but only in collateral matters, while that of the defendant is shaken in matters bearing directly upon the point at issue. He set up against the notes a defense of payment. This it was incumbent on him to prove, and we are of opinion he has clearly failed to do so.

The decree of the circuit court must be reversed and the cause remanded for further proceedings.

*Decree reversed.*