<hr />

OLIVIA C. JACKSON ET AL. *v.* CLARENCE W. DAY.

PROMISSORY NOTES.  *Alteration.  Burden of proof.*

Upon inspection of a promissory note, if it be not plainly certain therefrom that it has been altered, the burden of proof to show an alteration is upon the party asserting it.

FROM the chancery court of Newton county.

HON. ADAM M. BYRD, Chancellor.

Day, appellee, was complainant in the court below; Mrs. Jackson and others, appellants, were complainants there. From a decree in complainant's favor defendants appealed to the supreme court. The facts are stated in the opinion of the court.

*Robert L. Bullard* and *S. H. Kirkland,* for appellants.

The note shows an alteration on its face. This court has again and again decided that "when a bill or note appears on its face to have been altered materially, it being commercial paper,

the onus of showing that it was legally done is on the holder."
*Commercial Bank* v. *Lum,* 7 How. (Miss.), 414; *Wilson* v.
*Henderson,* 9 Smed. & M., 375; *Croft* v. *White,* 36 Miss., 455;
*Ellison* v. *Mobile, etc., R. R. Co.,* 36 Miss., 572; *Simmons* v.
*Atkinson,* 69 Miss., 862.   To the same effect is the decided
weight of authority.   *State* v. *Magle,* 134 Pa. St., 31, s.c., 19
Am. St. Rep., 669; *Wilson* v. *Hotchkiss,* 81 Mich., 172; *United
States* v. *Lynn,* 1 How. (U. S.), 104; *Smith* v. *United States,*
2 Wall., 219; *Croswell* v. *Tabarre,* 10 Am. St. Rep., 238; *Clark*
v. *Extin,* 62 Am. Dec., 307; *Simpson* v. *Stackhouse,* 49 Am.
Dec., 554; *Harris* v. *Bank of Jacksonville,* 1 Am. St. Rep., 201;
*Hendman* v. *Dickson* (Eng.), 5 Bing., 184; *Woodward* v. *Bank,*
19 John, 391; *Nezro* v. *Fuller,* 24 Wend., 374; *Tulles* v. *Bank,*
2 Allen (Mass.), 236; *Walters* v. *Short,* 5 Gill. (Ill.), 252;
*Gardener* v. *Harback,* 21 Ill., 129; *Monroe* v. *Eastman,* 31
Mich., 283; Chitty on Bills, 212; 1 Greenleaf on Evidence, 564.

*J. R. Byrd,* for appellee.

The note does not show an alteration on its face.   The ex-
perts who testified in the case for appellants did not give
opinions until they first examined the note under a magnify-
ing glass, and thereafter they stated that their opinion was
that the note appeared to be altered in its date, but they could
not tell what the alteration was, much less state who made it,
or when it was made.   They all differ among themselves as to
what the alteration, if any, consisted of.   Not one of them
stated as a matter of fact that the note had been altered.   The
witnesses for the appellee examined the note without a glass,
and both distinctly testified that in their opinion the note had
not been altered.

TERRAL, J., delivered the opinion of the court.

This is an application by C. W. Day, claiming to be a creditor
of the estate of L. B. Day, deceased, to have Mr. Harper, sheriff
of Newton county, appointed administrator of said estate.   L. B.

Day had been deceased some months, and his heirs were proceeding to settle the estate without administration, when C. W. Day filed his petition in this behalf. It was based upon the claim that he held a note of decedent executed to him on the 20th of May, 1897, for $276.23. The appellants, heirs of L. B. Day, deceased, resisted the application, upon the ground that said note had been materially altered. The clerk, upon the ex parte application of C. W. Day, had appointed Mr. Harper administrator of said decedent, and the contest arose upon a motion before the chancery court to confirm the act of the clerk in vacation, which was resisted by appellants. Evidence upon both sides was taken and submitted to the court, and he confirmed the action of the clerk, whereupon Mrs. Jackson and her brother appealed.

The question for decision was submitted to the chancellor in due course of law, and we see no ground for disturbing his finding and decision. It is not plainly certain, upon inspection of the note, that it has been altered since its execution, and the burden of proof to show such alteration was upon the appellants. In *Ellison* v. *Railroad Co.,* 36 Miss., 572, it is said: "In order to raise the presumption that the instrument has been altered, it is necessary that it plainly appear from the face of it that it has been altered. It is not sufficient that it is probable that an alteration has been made, but it must be manifest to the inspection of the jury that it has been made."

*Affirmed.*