HENRY GREENBURG *v.* HARRIS SAUL ET AL.

[45 South., 569.]

1. ACCOUNTS.    *Affidavits to.    Code 1906, § 1978.    Counter-affidavits.*

Where in a suit on an open account, sworn to under Code 1906, § 1978, defendant failed to file a counter-affidavit, denying the correctness of the account and particularizing wherein it is not correct, and the plaintiff on the trial proved his account, independently of the affidavit to it, the defendant cannot complain of a peremptory instruction against him.

2. SAME.    *Payment.    Burden of proof.*

Nor in such case will defendant be aided by an affidavit or plea averring payment of the account, in the absence of all evidence on the subject, the burden of proof to show payment being on him.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Saul and others, doing business under the copartnership name of Saul Brothers & Company, appellees, were plaintiffs in the court below, and Greenburg, appellant, was defendant there.    From a judgment in favor of plaintiffs, predicated of a peremptory instruction, defendant appealed to the supreme court.

The suit was for a balance on indebtedness for merchandise purchased by defendant from plaintiffs.    The account sued upon was duly sworn to, under Code 1906, § 1978.    The defendant filed an affidavit in the cause affirming " that he (defendant) does not owe the above account or any part thereof,

but that the same has been fully paid." On the trial plaintiffs, in addition to the affidavit to their account, read in evidence depositions proving the correctness of the account sued upon. Defendant sought to introduce evidence to controvert the claim of the plaintiffs, but the trial court sustained the objection of the plaintiffs based on Code 1906, § 1978 thereto, and would not allow the evidence to be introduced. No evidence to prove payment of the debt was offered by defendant.

Code 1906, § 1978, above referred to, is as follows:

"A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party against whom it is charged; and in any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due."

*Quin & Williams,* for appellant.

Greenburg's defense was that he paid the account in full, and he sought to introduce evidence of this by profert of a statement from plaintiffs showing the true amount, as originally existing, to be $100 less than subsequently claimed by plaintiffs. He sought further to testify that he had paid this amount, being $100 less than was subsequently claimed by plaintiffs. The court below refused to allow such proof.

If the court below was correct in refusing to admit such proof under appellant's affidavit of non-indebtedness on file, it was wrong in giving a peremptory instruction in favor of the plaintiffs. It was an issue of fact, for the jury's determination, which of the two statements of plaintiff's was correct; one showing the amount of original indebtedness to be $100

less than was subsequently claimed by and on the subsequent sworn statement of plaintiffs, on which their suit was brought.

*George Butler,* for appellees.

Only two propositions are involved in this case: first, the construction of Code 1906, § 1978; second, independent of this Code section, whether plaintiffs were not entitled to a judgment as a matter of common law.

This court has repeatedly held that the only effect of Code 1906, § 1978, was to dispense with all proof of the items and correctness of the original account upon the plaintiff's making affidavit of its correctness and of its being due from the party against whom it is charged; the only necessity for proof as to the above being when the defendant shall file a counter-affidavit *particularizing* wherein the account is incorrect. In other words, when the affidavit of plaintiff is offered in evidence, if no particularized counter-affidavit is in the record, the plaintiff has made out a *prima facie* case both as to amount of debt and as to the liability of the defendant therefor. If the counter-affidavit, particularizing wherein the plaintiff's account is incorrect, is filed, then the two affidavits offset each other, and neither has any value as evidence. Appellees were entitled to a peremptory instruction, inasmuch as Greenburg, the defendant, did not particularize in his affidavit wherein the plaintiffs' statement of account was incorrect.

But independent of Code 1906, § 1978, the plaintiffs were entitled to a peremptory instruction for the simple reason that, by their depositions on file and read in evidence, they made due proof of the defendant's indebtedness. And defendant did not prove that he did not owe the debt. There is not one scintilla of evidence introduced by him that he had ever paid plaintiffs the indebtedness.

Even if the circuit court had refused to grant a peremptory instruction, and the case had gone to the jury and resulted in a verdict for defendant the court would have been

impelled to set aside the verdict because of defendant's failure of proof of payment. *Reinhardt* v. *Carter,* 49 Miss., 315; *Aaron* v. *Podesta,* 60 Miss., 82; *Tichner* v. *Woodburn,* 54 Miss., 589; *Bonner* v. *White,* 78 Miss., 653. And, in general, see B. & A. Digest, 865, 866.

CALHOON, J., delivered the opinion of the court.

Greenburg was sued by appellees on their sworn account. Not only was it sworn to, but, on deposition, the account was otherwise proved. There was no counter-affidavit denying the correctness of the account and particularizing wherein it was incorrect. The only defense is stated on oath by Greenburg " that he does not owe the above account, or any part thereof, but that the same has been fully paid." In this condition it devolved upon Greenburg to affirmatively prove payment. We find no testimony in the record to this effect. Disregarding the statute, the plaintiffs below having proved their case, a judgment for them could only be prevented by proof of payment.

The point is made in the motion for a new trial and in the assignment of errors that the court refused to continue the case. The trouble about this is that the clerk certifies that there was no such motion on file in the case; and, Greenburg having brought this case here, it was his duty to have that in the record, or its absence accounted for, and a substitution.

*Affirmed.*