Argued April 1, *modified and affirmed April 20, 1915.*

## PIERCE *v.* PARKS.

(147 Pac. 929.)

**Executors and Administrators—Necessity of Administration—Lien on Land—Rights of Heirs.**

1. Where plaintiff's father conveyed land to him on the condition that he should pay $600 to his brother when the latter became 21 years of age, charging the amount as a lien on the land, and authorizing the lien to be foreclosed for failure of payment, the fact that such brother died previous to attaining his majority, without letters of administration being taken out on his estate, did not divest the claims of his heirs to the amount of $600 secured by the land.

**Limitation of Actions—Maturity of Obligation.**

2. Where a father conveyed land to his son, charging it with a lien to secure the payment by the grantee of $600 to his brother,

when the beneficiary should reach his majority, and such beneficiary died before he attained such age, his previous death could not hasten the maturity of the debt to initiate the period of the statute of limitations.

**Payment—Sufficiency of Evidence.**

3. In an action to reform a deed and to determine whether plaintiff, to whom his father had granted land charged with the payment of $600 to his brother when the latter should reach his majority, was liable to the brother's heirs for the amount, evidence held insufficient to show payment of such amount to the father as such heir.

From Coos: JOHN S. COKE, Judge.

This is a suit by Frank A. Pierce against Bertha F. Parks, and her husband, William W. Parks, Eva M. Wood, and her husband, James J. Wood, Clara J. Houser, and her husband, James Houser, Edna M Duckett, Emmet L. Pierce, and also all other persons or parties unknown, claiming any right, title, estate, lien or interest in the real estate described in the complaint herein. There was a decree in favor of plaintiff and defendants appeal.          MODIFIED AND AFFIRMED

For appellants there was a brief over the names of *Mr. Walter Sinclair* and *Mr. J. O. Stemmler,* with an oral argument by *Mr. Sinclair.*

For respondent there was a brief over the names of *Mr. A. J. Sherwood* and *Mr. Lawrence A. Liljeqvist,* with an oral argument by *Mr. Sherwood.*

Department 2.          MR. JUSTICE EAKIN delivered the opinion of the court.

Plaintiff seeks to reform the deed from John C. Pierce and wife, which they executed to F. A. and Emmet L. Pierce on the 5th day of March, 1891, describing the property conveyed as "the east half and the southwest quarter of the northwest quarter, and the northwest quarter of the southwest quarter, of sec-

tion 21, township 26 south, range 11 west, Willamette Meridian," to read "the east half of the northwest quarter, the southwest quarter of the northwest quarter, and the northwest quarter of the southwest quarter, of section 21, township 26 south, range 11 west, Willamette Meridian." We find that the deed describes the property sought to be designated by the reformation, which indicates that there was no error in the original deed; but, as both the plaintiff and the defendants admit the error in the deed and consent to the reformation, we will make no objection and grant the change as requested.

1, 2. The main controversy in this case relates to the requirement provided in the deed that the grantees therein should pay $600 to Jesse Cleveland Pierce, a son of the grantors, when the said Jesse Cleveland Pierce should have attained the age of 21 years, the said $600 to be a lien upon the premises conveyed until paid. The record and evidence show that Jesse Cleveland Pierce was born on the 30th day of June, 1887, and died on the 9th day of November, 1893; that John C. Pierce died on the 17th day of July, 1903, and Orion Pierce died in the month of April, 1912. The said $600 not having been paid during the lifetime of the said Jesse Cleveland Pierce, it will be seen that John C. Pierce was his heir and inherited the said $600. Upon the death of John C. Pierce, his wife, Orion Pierce, was entitled to receive one half of his personal property. The record fails to show any administration of the estate of Jesse Cleveland Pierce, of the estate of John C. Pierce, or of the estate of Orion Pierce. Failure to have an administration of the estate of Jesse Cleveland Pierce would not operate to cut off the claim of his heirs against his estate for the said $600, because it was made a lien upon the land and

authorized by the deed to be foreclosed in a court of competent jurisdiction; but the defendants should have alleged the interest of Orion Pierce in the personal estate of said John C. Pierce, and that she had not received it or expended it in her lifetime. There were six children of the grantors, Bertha F. Parks, Clara J. Houser, Edna M. Duckett, Eva M. Wood, Emmet L. Pierce and Frank A. Pierce, who would inherit equally the remnant of the estate of John C. Pierce. The defendants Bertha F. Parks and Clara J. Houser, two of said children, set up the lien of $600 in favor of themselves to the exclusion of the other heirs which at least is an irregularity. The defendants in a reply recite the fact that the said $600 was wholly paid to John C. Pierce during his lifetime, being expended principally for his care during his last illness. The only testimony in relation to the payment of that $600 to John C. Pierce was the testimony of Frank A. and Emmet L. Pierce. Defendants also pleaded the statute of limitations, claiming that the debt was barred thereby at the time of the commencement of this suit. There is no dispute in regard to the lien created in favor of Jesse Cleveland Pierce for the said sum of $600; and the only issue at this time is as to when it matured. Jesse Cleveland Pierce, if he had lived, would have been 21 years old on the 30th of June, 1908; and if the debt did not mature until the time that he would have been 21 years of age, it would not be barred by such statute at this time. If it had matured on the death of Jesse Cleveland Pierce November 9, 1893, which is the contention of plaintiff, it would have been barred 6 years from that date; but the deed fixes a definite time at which it shall mature, that is, at the time Jesse Cleveland Pierce will be of age, and the fact

that he died previously to that time cannot hasten the maturity of the debt.

3. Frank A. Pierce, testifying as to the payments, says he cannot give the exact dates or the amounts of the payments; that the payments continued along until nearly the date of his father's death. He continues, "My best recollection is that the most that I ever paid my father at one time was $180." That is the only payment to which he testifies definitely as having been made. Emmet L. Pierce says that the $600 was not paid to his father all at one time; that he paid him during his illness more than $600, but that he did not keep an exact account. He does not give the date or amount of any definite payment at any certain time; and this is not such proof of payment as the law requires. He testifies that he thinks he paid him nearly twice the amount of the debt, but such proof·is not sufficient to establish payment.

Giving plaintiff credit upon the $600 for the $180 which he says he paid at one time, there would still be $420 due on June 23, 1908, of which defendants Bertha F. Parks and Clara J. Houser would be entitled to two sixths, or $140, with interest from June 23, 1908, at 6 per cent per annum.

The judgment is modified and defendants awarded $193.70, and a decree foreclosing the lien created by said deed in the manner provided by law and applying the proceeds of the said sale to the payment of the said $193.70. The decree is affirmed as to the reformation of the deed.          MODIFIED AND AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.