HENRY v. R. R. ELKIN, JR., & Co.

(Division A.   Jan. 13, 1930.)

[125 So. 545.   No. 28299.]

Magruder, Walker & Magruder and Daniel & Greene, all of Starkville, for appellant.

Will E. Ward, of Starkville, for appellees.

**Cook, J.,** delivered the opinion of the court.

The appellant, R. R. Henry, instituted this suit in the circuit court of Oktibbeha county, against R. R. Elkin, Jr., & Co., a copartnership, composed of R. R. Elkin, Jr., and Sam B. Boyd, on an oral contract between the appellant and the appellees, for an alleged balance of two thousand three hundred one dollars and sixty-nine cents, for certain road work done by the appellant in Webster county, Miss., under said contract, and, from a judgment in favor of appellant for one thousand one hundred forty-one dollars and sixty-five cents, he prosecuted a direct appeal, while the appellees prosecuted a cross-appeal.

The proof shows that the appellees were awarded a contract for the construction of a certain public road in Webster county, known as road project No. 157, and that they later sublet all the concrete work, pile driving, and the construction of handrailings, on said project, to the appellant, who had worked for the appellees at various times for a number of years, doing concrete work on various projects.

The appellant and his witnesses testified that the appellees made an error in their bid in the price to be charged for constructing such handrailings, the price to be received therefor being very much less than the actual cost thereof, and that they did not have the necessary machinery to do the pile driving required by the contract; that the appellees offered to sublet to the appellant all the concrete work, pile driving, and concrete railings at the same price at which it was bid off by them, that is, twenty-nine dollars per cubic yard for the concrete work, six cents per pound for the necessary reinforcing steel, and fifteen cents a linear foot for the handrails; that the appellant accepted this offer and soon thereafter entered upon and performed all the work

under this oral contract with the appellees; that the work was afterwards duly accepted by the board of supervisors of Webster county and by the state highway commission.

Appellees admitted that they entered into an oral contract with the appellant to do the work in question, but contended and offered evidence to show that the price agreed to be paid therefor was twenty-four dollars per cubic yard for the concrete work; five cents per pound for the steel, and fifteen cents a linear foot for the concrete railings, and testified that the appellant had been paid in full at that price. It is admitted that the appellant had been paid in full for the pile driving and the railings, and that he had been paid for the other work the amount due according to the appellees' version of the contract. It will thus be noted that the one point at issue, and about which the evidence was sharply conflicting, was the price to be paid for the concrete work and the necessary reinforcing steel. The appellant and his witnesses testified that the price to be paid was twenty-nine dollars per cubic yard for the concrete work and six cents per pound for the steel, while the appellees' witnesses testified that the contract price was twenty-four dollars per cubic yard for the concrete work and five cents per pound for the steel, the difference between the price claimed by the appellant and that paid by the appellees, amounting in the aggregate to two thousand three hundred one dollars and sixty-nine cents, as sued for in the declaration, less a credit of eight dollars nineteen cents to which the appellees were entitled, as shown by the evidence, and which the court instructed the jury to deduct from the amount sued for if it found for plaintiff.

In this state of the evidence, the court below granted the appellant the following instruction: ''If the jury believe from the evidence that defendants made a verbal agreement with plaintiff for the concrete and steel work on road project 157B at twenty-nine dollars per cubic

yard for the concrete and six cents per pound for the steel provided he would drive all piling at the contract price with the county or road district and would put in all hand rails at fifteen cents (15¢) per linear foot, and that the balance charged in the declaration is due by said defendants to plaintiff, your verdict should be rendered for plaintiff accordingly, less eight dollars and nineteen cents.''

As stating their theory of the case, the appellees requested and were granted the following instruction: ''The court instructs the jury for the defendant that the burden of proof in this case rests upon the plaintiff, R. R. Henry, to establish his claim by a preponderance of the evidence, and that unless you believe from a preponderance of the evidence in the case that a definite and specific oral contract was made by R. R. Elkin, Jr., & Co., and R. R. Henry for the payment of twenty-nine dollars per cubic yard for concrete and six cents per pound for steel to the said R. R. Henry, then you will return a verdict for the defendant.''

The jury returned a verdict for the appellant for one thousand one hundred forty-one dollars and sixty-five cents, practically one-half of his demand, and thereupon the appellant moved the court to receive the verdict and enter judgment thereon for the plaintiff, the appellant, for the sum of two thousand two hundred ninety-three dollars and fifty cents rather than one thousand one hundred forty-one dollars and sixty-five cents, for the reasons, first, that the jury, by its verdict, had adjudicated and decided plaintiff's cause of action and right of recovery against the defendant, and the correct amount of the judgment therefore was the full amount stated in the declaration, to-wit, two thousand two hundred ninety-three dollars and fifty cents; and, second, because the verdict having adjudicated and established the plaintiff's right of recovery against the defendants, the jury was without authority in law to compromise or reduce the amount of plaintiff's recovery, which as shown by

the pleadings and testimony should have been two thousand two hundred ninety-three dollars and fifty cents; and it was the duty of the jury to either return a verdict for the plaintiff for the full amount sued for, or return a verdict for the defendant. This motion was overruled, and thereupon the appellees filed a motion to set aside the verdict and grant a new trial on the ground that the verdict rendered in said cause was not authorized by the instructions of the court and was not supported by the evidence in the cause. This motion was likewise overruled, and, from the judgment entered on the verdict, the plaintiff appealed, and the defendants prosecuted a cross-appeal.

Upon appeal, the contentions of the appellant are that, under the proof, the appellees were either liable to him for the full amount sued for, less eight dollars and nineteen cents, or were not liable for anything, and, since the jury has found in favor of the appellant for an amount less than that authorized or supported by the evidence, this court, should either reverse the judgment of the court below and enter a judgment here for the appellant for the amount sued for, less eight dollars and nineteen cents, or should affirm the judgment of liability and remand the cause only for the proper determination of the amount due. The only contention of the cross-appellants is that there is no basis or support in the evidence for the finding that they are liable to the cross-appellee for one thousand one hundred forty-one dollars and sixty-five cents, as found by the verdict of the jury, and that consequently the judgment of the court below should be reversed and the cause remanded for a new trial on all issues.

There was no controversy as to the amount of work performed and material furnished, and, under the evidence, the appellant, plaintiff in the court below, would have been entitled to have the jury peremptorily instructed to return a verdict for two thousand two hundred ninety-three dollars and fifty cents in the event it

found that the appellees contracted to pay twenty-nine dollars per cubic yard for the concrete work and six cents per pound for the steel furnished, there being no controversy that the contract price for driving the piling and putting in the handrails had been paid in full. We do not, however, construe the instruction granted to the appellant, as quoted above, to be peremptory as to the amount of the verdict to be returned in the event the jury found for the plaintiff; and, the appellant having failed to request such a peremptory instruction, we decline to enter a judgment here for the appellant for the amount sued for in the declaration.

Under the testimony offered by the appellees in support of their version of the terms of the oral contract between the parties, they were due nothing to the appellant, and the finding of the jury in favor of appellant for a large sum of money was a repudiation of this version of the contract; and therefore the judgment of the court below fixing the liability of the appellees to the appellant will be affirmed, and it will be reversed only in so far as it fixes the amount to be recovered, and the cause will be remanded for the purpose of properly assessing the amount to be recovered.

Affirmed in part, and reversed in part.