SMITH v. STATE.

In Banc. Feb. 14, 1949.

(38 So. (2d) 698)

Ben H. Walley, for appellant.

174

**George H. Ethridge,** Assistant Attorney General, for appellee.

**McGehee, C. J.**

This appeal involves the question of whether or not there is sufficient evidence to sustain a verdict of conviction of the appellant for an alleged criminal offense in connection with the cutting by his employees of approximately fifty young pine trees for pulp wood without the consent of the owners of the land from which they were cut and removed.

We are of the opinion that there was no evidence introducted on the trial that warranted the submission of the case to the jury against the defendant under either Section 2386 or 2406, Code of 1942, on criminal liability; and we think that the motion of the defendant to exclude the evidence offered by the state and to direct a verdict in his favor at the close of the evidence offered by the state should have been sustained.

However, the defendant did not elect to stand on the record as made when the prosecution rested its case, but proceeded with the introduction of proof in his own behalf, and then failed at the conclusion of all the evidence to renew his motion for a directed verdict; that is to say, he failed to request a peremptory instruction at the conclusion of the taking of all the testimony. The trial court cannot therefore be put in error for its failure to direct the jury to acquit the defendant at the conclusion of all the evidence.

However, the defendant did make a motion for a new trial and assigned that the verdict of the jury is not supported by the evidence, but was contrary to both the law and the evidence, and hence we are asked to either reverse the case and render a judgment here in favor of the appellant or reverse and remand it for a new trial on the ground that the verdict is against the great weight of the evidence. We must adopt the latter course because of the failure of the defendant to request a directed verdict at the close of all the evidence, and for the further reason that the proof now before us fails to disclose that the defendant either authorized his employees to cut the trees in question or that they did so with his knowledge or approval. On the contrary, the undisputed evidence clearly shows that the defendant's employees cut the trees in question without authority or direction from him to do so, and that according to the testimony of one of the co-owners of the land, the defendant offered to pay whatever they were reasonably worth, the witness saying, "he wanted to pay me for the

timber cut off the land'', and it was admitted by him that this offer was made within one or two days after it became known that any trees had been cut on the land owned by the witness and others as tenants in common. Also, that the defendant made a similar offer to one of the other co-owners shortly thereafter.

 █ In other words, there is no proof that defendant himself had willfully and knowingly cut and removed the timber of another, or that he had authorized his employees to do so. The civil doctrine of respondeat superior cannot render the defendant criminally liable for a fine and a jail sentence under the facts and circumstances disclosed by this record. The fact that the defendant may be civilly liable for the value of the trees does not afford a basis for the conviction of the crime charged.

But for the reasons hereinbefore stated, the cause must be reversed and remanded.

Reversed and remanded.