GARRETT *v.* PIGFORD, SUB. TRUSTEE.

Nov. 23, 1953

No. 38966          44 Adv. S. 19          67 So. 2d 885

*Edwin A. Dunn*, Meridian, for appellant.

*Howard R. Pigford,* Meridian, for appellee.

HALL, J.

This suit was instituted in replevin in the county court against J. M. Garrett seeking to recover possession of certain personal property incumbered by a deed of trust in favor of Tower Underwriters, Inc., securing it as guarantor on a note for $495.00 in favor of Louisiana Discount Corporation, so that said deed of trust might be foreclosed. This note and security were a combination of two loans which had been made to appellant and which had been from time to time renewed until both loans were embodied in the note and security now in question on May 31, 1949. There were a total of ten notes and deeds of trust executed by appellant; the first note and deed

of trust were executed on October 26, 1946, which covered the first loan; and the second note and deed of trust were executed on April 3, 1947, securing an entirely different loan.

Garrett pleaded full payment of his indebtedness and on that issue the case was submitted to a jury in the county court which found in favor of Garrett and judgment was entered thereon. The county court overruled a motion for a new trial which raised the question that the verdict of the jury was contrary to the overwhelming weight of the evidence. On appeal by the trustee, the circuit court reversed the judgment of the county court and entered judgment in favor of the original plaintiff who is appellee here. From that judgment Garrett appeals here contending that the circuit court erred (1) in reversing the judgment of the county court and (2) in rendering judgment in favor of appellee.

According to the proof at the trial in the county court, appellant admitted the execution by him of every note and deed of trust, except one of the older ones which was executed by his wife at a time when appellant was in a hospital in dire need of funds, but he admitted liability on that note and deed of trust, which was brought forward in several renewals executed by appellant. At the time of each renewal the balance due was brought forward into a new note and deed of trust. With each renewal appellant executed a receipt for the additional money advanced. He admitted signing all these receipts. He is an experienced businessman, having been employed for the past seven or eight years as salesman for a furniture company, and admitted that he is familiar with business transactions such as notes and conditional sale contracts. He does not contend that any fraud of any nature was perpetrated upon him in connection with the execution of the several notes and deeds of trust and receipts. The total of all the notes was $2,595.00 and the total credits thereon was $2,110.00, which leaves a balance

of $485.00 due and in default at the time the suit was instituted. Calculating the amount due in a different manner, the last note was for $495.00 and only $10.00 was paid thereon, which leaves a balance of $485.00 due. By thirty-eight exhibits in the record, including the several notes, deeds of trust, receipts, and records of payments by appellant, the appellee established the above balance due. Appellant claimed that he has paid everything due on these several notes. To support his claim he offered in evidence forty-four receipts for payments on these notes; these receipts aggregated the total sum of $1,162.00. He said that these were all the receipts he was able to find and that the others had been misplaced. He gave no dates or places or circumstances or amounts or manner of any payments except such as were evidenced by these receipts. He did not claim to have paid anything except $10.00 on the last note of $495.00, yet he admitted executing that note and the deed of trust which secured it. He did testify as follows:

"Q. Do you owe them any money?

"A. No, sir.

"Q. Have you paid them what you owed them?

"A. I think I have.

"Q. Are you positive?

"A. Yes, sir."

This is the only testimony offered by appellant to substantiate his plea of payment in full. ██ █ It is well settled that the burden of proving payment is upon him who asserts it. Greenburg v. Saul, 91 Miss. 410, 45 So. 569; Stewart v. Graham, 93 Miss. 251, 46 So. 245.

In Steumbaugh v. Hallam, 48 Ill. 305, 306-308, it is said: "It may safely be laid down as a general rule, under our recent statute authorizing parties to testify, that ██ █ in suits to collect notes, where the plaintiff or complainant has them, uncanceled, in his possession, and the defendant sets up payment, if there is no material evidence besides that of the parties, one of whom swears

the notes have been paid, and the other that they have not been, the presumption arising from the fact of their possession, uncanceled, by the party claiming, should be regarded as turning the scale in his favor. Any other rule would furnish strong temptations to perjury, and be very perilous to creditors. In the case before us, the parties themselves are the only positive witnesses upon the question of payment, and the testimony of the complainant is corroborated by the fact that he produces the notes from his possession. For this fact the defendant cannot account, except by his own evidence. * * * He set up against the notes a defense of payment. This it was incumbent on him to prove, and we are of the opinion that he has clearly failed to do so. * * * Decree reversed.''

In Pierce v. Parks, 76 Or. 58, 147 P. 929, 930-931, it is said: ''Frank A. Pierce, testifying as to the payments, says he cannot give the exact dates or the amounts of the payments; that the payments continued along until nearly the date of his father's death. He continues, 'My best recollection is that the most that I ever paid my father at one time was $180.' That is the only payment to which he testifies definitely as having been made. Emmet L. Pierce says that the $600 was not paid to his father all at one time; that he paid him during his illness more than $600, but that he did not keep an exact account. He does not give the date or amount of any definite payment at any certain time; and this is not such proof of payment as the law requires. He testifies that he thinks he paid him nearly twice the amount of the debt, but such proof is not sufficient to establish payment.''

In Rosenberger v. Simons, 185 N. Y. S. 317-318, the court said: ''Aside from the checks, and the admitted cash payments, there is no evidence of payment. The general statements of payment have no probative value whatsoever.''

In view of the above authorities ▉▉ we hold that the bare statement of appellant that he has paid what he owed

on the notes, with no evidence whatsoever as to the time, place, method and manner of payment, is insufficient to create an issue for the jury on the question of payment where the original note in question is still in possession of its owner, and especially where, as in this case, the maker renewed the notes from time to time and does not claim to have paid more than $10.00 on the last renewal:

As heretofore stated, appellant admitted that he signed the notes and deeds of trust and receipts on each transaction (except the one which his wife signed and for which he admitted liability). He was experienced in business and does not claim that any fraud was perpetrated on him in obtaining his signature. In Continental Jewelry Co. v. Joseph, 140 Miss. 582, 585, 105 So. 639, we held: "A person cannot avoid a written contract which he has entered into on the ground that he did not read it or have it read to him, and that he supposed its terms were different, unless he was induced not to read it or have it read to him by fraudulent representations made to him by the other party, on which he was entitled to rely." A judgment for defendant in that case was reversed and a judgment entered in this Court for the original plaintiff. The same principle has been followed by us in the following cases: Gunter v. Henderson Molpus Co., 149 Miss. 603, 115 So. 720; Fornea v. Goodyear Yellow Pine Co., 181 Miss. 50, 178 So. 914; Alliance Trust Co. v. Armstrong, 185 Miss. 148, 186 So. 633; Koenig v. Calcote, 199 Miss. 435, 25 So. 2d 763, and probably others.

We are of the opinion that the circuit court was clearly correct in reversing the judgment of the county court. If the plaintiff in the county court had requested a peremptory instruction on the evidence before us, we are of the opinion that the same should have been given. But plaintiff did not request such an instruction, and, consequently, the circuit court was in error in entering final judgment in his favor and we cannot enter final judgment here. Brenard Manufacturing Co. v. Brown, 152

Miss. 319, 120 So. 182; Henry v. Elkin, 156 Miss. 136, 125 So. 545; City of Clarksdale v. Fitzgerald, 187 So. 533, not reported in the State Reports; Smith v. State, 205 Miss. 170, 176, 38 So. 2d 698; Aponaug Mfg. Co. v. Collins, 207 Miss. 460, 479, 42 So. 2d 431; Grissom v. Livingston, 213 Miss. 424, 427, 57 So. 2d 144.

The judgment appealed from will therefore be **reversed** and the cause remanded to the circuit court.

Reversed and remanded.

*Roberds, P. J., and Lee, Kyle* and *Holmes, JJ.,* **concur.**