## Hans *v.* Wiesenburg, Trustee.

No. 41128          October 19, 1959          114 So. 2d 849

*Albert S. Johnston, Jr.,* Biloxi, for appellant.

*Karl Wiesenburg, Robert Oswald,* Pascagoula, for appellee.

HALL, J.

The dispute in this case is between J. E. Hans and W. C. Dobbs and in referring to the parties in this suit we will simply call the appellant Hans and the appellee Dobbs.

Hans brought suit against Dobbs to enjoin the foreclosure of a deed of trust for the original amount of $20,000, on which Dobbs claimed there is a balance still due of $11,155. Dobbs answered the bill of complaint and also filed a cross bill in which he sought not only a decree fixing the amount of the balance due but also sought the recovery of attorney's fees and trustee's fees as provided in the deed of trust, and also damages in the amount of 5 percent on the value of the property involved as provided by Section 1352 of the Code of 1942.

The pleadings having been settled, the case went to trial on a motion to dissolve the injunction on the merits of the case. After hearing some of the testimony the regular chancellor decided that he was disqualified from hearing the case and, the parties being unable to agree on an attorney to try it, the regular chancellor certified his disqualification to the Governor and the Gov-

ernor appointed a special chancellor who, after taking the oath of office, proceeded to hear all of the evidence in the case and after oral argument entered a final decree deciding in favor of Dobbs.

At the trial Dobbs introduced in evidence the original note for $20,000 and the deed of trust securing same, both being dated January 29, 1953. Hans did not deny the execution of this note and deed of trust, although he did say that the signature thereon did not look like his, but it was stipulated in the record that he did execute both of them, and, as stated, they are still in the hands of Dobbs. The special chancellor fixed the amount owing on the note at $11,155, and also allowed interest thereon at the rate of 6 percent per annum from April 20, 1955, less a credit of $900 paid by Hans and applied toward interest on the note, and he also fixed the amount of a further indebtedness as a reasonable attorney's fee for collecting the note of 10 percent of the principal of the note at $1,115.50, and a reasonable trustee's fee in the amount of $300, and a reasonable attorney's fee in the amount of $750 for the attorneys employed by the trustee to defend the injunction suit. The special chancellor did not allow anything as damages and Dobbs prosecutes a cross appeal from that action, while Hans prosecutes a direct appeal from the final decree.

The relation between Hans and Dobbs began after the death of Hans' father who owned a building supply business which was operated by the appellant Hans before the death of his father. The heirs of J. E. Hans' father filed suit against him for a division of the property and an accounting and he was very anxious to continue the operation of the business and, as he expressed it, after raising all the money he could on his own resources, he was desperately in need of $8,000 to buy out the other heirs. He induced Dobbs to advance him the money with which to afford him enough, with his own resources, to pay off the other heirs, and in this

manner J. E. Hans acquired legal title to the business. As one inducement for the loan Hans agreed to employ Dobbs to work for him on the basis of a weekly salary plus a commission on sales made by Dobbs, and their relations continued apparently harmonious for a few years. Finally Dobbs decided to purchase a business for himself and he quit working for Hans at a time when they calculated the balance due by Hans to be $11,155. This was on April 20, 1955.

Hans claims that there was no substantial evidence to support the decree in this case. Unfortunately the attorney who represented him at the trial died sometime thereafter and the attorney who briefed the case for him admittedly has never read the record in this case. We have very painstakingly read the entire record of almost 1100 pages and we must say that if there was ever enough substantial evidence to support a decree, we have it in this case, and we certainly could not say that the chancellor's decree is manifestly wrong.

Hans also claims that the matter should have been submitted to a master in chancery for determining the rights of the parties on an accounting. The regular chancellor was requested to appoint a master but he declined to do so, and the special chancellor was never one time requested to appoint a master. Furthermore, Hans was never entitled as a matter of right to the appointment of a master, but such an appointment was purely in the discretion of the lower court and no reversible error was committed by the failure to appoint one.

Hans also complains at the decree of the lower court in establishing the amount due and in providing for a reasonable trustee's fee and reasonable attorney's fee in accordance with the deed of trust which specifically made provision for these items. As to the amount due on the debt, the chancellor was abundantly supported by the testimony. Furthermore, Dobbs had pos-

session of the note, and in the case of Garrett v. Pigford, Substituted Trustee, 218 Miss. 840, 67 So. 2d 885, we quoted with approval from Steumbaugh v. Hallam, 48 Ill. 305, to the effect that where the maker of the note swears that he has paid it and the holder of the note swears that it has not been paid, the presumption arising from the fact of possession of the uncancelled note by the party claiming should be regarded as turning the scale in his favor, and any other rule would furnish strong temptations to perjury and be very perilous to creditors.

On the cross appeal by Dobbs, he claims that he is entitled to damages upon the dissolution of the injunction to stay the sale under the deed of trust in the amount of 5 percent of the amount realized from the sale of the property. We think that Section 1352 of the 1942 Code so provides and that the contention in the cross appeal should be sustained.

On direct appeal the decree of the lower court is affirmed. On cross appeal it is reversed and judgment here entered allowing the 5 percent damages, but remanding the case to the trial court for determination of the amount in accordance with Code Section 1352.

Affirmed on direct appeal and reversed and judgment here on cross appeal, and remanded for ascertainment of the amount of damages.

*Roberds, P. J.*, and *Holmes, Ethridge* and *Gillespie, JJ.*, concur.