WALLS, et al. *v.* ALEXANDER.

No. 41408          February 29, 1960          118 So. 2d 184

236

*Kermit R. Cofer,* Water Valley, for appellants.

*Paul M. Moore,* Calhoun City; *Jesse L. Yancy, Jr.,* Bruce, for appellees.

ETHRIDGE, J.

This suit was instituted in the Chancery Court of Calhoun County by Mrs. J. C. Alexander, appellee, against appellants, Mrs. Marie Walls and husband, O. C. Walls. The bill of complaint sought to vacate and set aside a cancellation on the records by Mrs. Alexander of a deed of trust from the Walls and a vendor's lien which she held on a six-acre tract of land near Pittsboro. The gravamen of the complaint was that defendants obtained cancellation of these liens through fraud and undue influence when a substantial sum remained unpaid on them.

After hearing, the chancellor found for Mrs. Alexander. He concluded that, although her advanced years had resulted in some physical and mental deterioration she was "fair and truthful in her statements." He did not believe the testimony of the Walls, and found they "took advantage of the trust and confidence reposed in them by the complainant to have her release the lien and trust deed with the intent to defraud her of the balance of the indebtedness." Hence the final decree set aside the purported cancellations of the deed of trust and vendor's lien, reinstated those encumbrances for the balance found to be due and payable, and adjudicated that these liens in favor of appellees were valid.

On this appeal, appellants' principal contention is that these findings by the trial court are against the overwhelming weight of the evidence. No purpose would be served by a detailed analysis of the evidence. After careful consideration of the record, we are convinced that the findings of the chancery court are amply supported by the evidence. Although the testimony of the parties

on both sides is not entirely precise and clear, the trial court was presented with a typical "swearing match" by the opposing parties and their witnesses as to whether defendants' debt to complainant had been paid, whether complainant had been subjected to undue influence and fraud exerted upon her by the Walls to attain the cancellation, and the veracity of the witnesses concerning the essential facts. The trial court was manifestly the tribunal to decide these conflicting issues of fact. Griffith, Mississippi Chancery Practice (2d ed. 1950), Section 674.

██ Complainants sought to cancel the release because it was obtained through fraud and undue influence, and falsely stated the debt had been paid. In this posture of the case, the fact of nonpayment was an element of complainant's cause of action, and the burden of proving nonpayment, denied by defendants, rested on complainant. 70 C. J. S., Payment, Sec. 93(b), p. 301. We do not interpret the rulings of the chancery court to hold otherwise. The decree in appellee's favor is amply supported by the evidence.

Somewhat analogous to this case is Boatright v. Horton, 227 Miss. 698, 86 So. 2d 864 (1956). It involved a suit in equity to enforce an implied vendor's lien which had been released of record by complainants, under a fraudulently induced arrangement for defendant to obtain an additional loan from an insurance company. The relief was granted. It was held that the acknowledgment in the release of payment of the purchase money was merely a receipt and was subject to contradiction by parol evidence.

In Garrett v. Pigford, 218 Miss. 840, 67 So. 2d 885 (1953), defendant pleaded payment of a note and deed of trust, stated he had lost most of his receipts, and, as here, simply testified generally that he had paid the debt, but could give no dates or definite circumstances

of other payments. Whether he had paid was held to be an issue of fact.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie, JJ.*, concur.