## Tate *v.* Rouse

No. 42728 September 23, 1963 156 So. 2d 217

*W. S. Murphy,* Lucedale, for appellant.

*O. F. and J. O. Moss,* Lucedale, for appellee.

Ethridge, J.

This suit was brought in the Circuit Court of George County by Mrs. R. Duncan Tate, doing business as the Tate Memorial Company, appellant, against W. A. Rouse, doing business as Lucedale Memorial Company. It was based on two promissory notes admittedly executed by Rouse to plaintiff as payee, in the principal amounts.

respectively, of $2,175.80 and $548.00. Defendant admitted their execution, but pleaded payment, and alteration of the instruments by filling in blank spaces for interest. The jury returned a verdict for plaintiff of $869.15, and from the judgment thereon Mrs. Tate has appealed.

 █ *First.* When an indebtedness to pay has been established; the burden of proving payment is on the party who alleges it. It is an affirmative defense. Georgetown Mercantile Company v. Steen, 155 Miss. 719, 125 So. 120 (1929); Garrett v. Pigford, 218 Miss. 840, 67 So. 2d 885 (1953); 70 C.J.S., Payment, § 93.

Mrs. Tate had possession of the two notes, and attached photocopies of them to her declaration. Rouse admitted their execution. His answer made a general averment that he had "made payments to plaintiff" of the amount of the notes "as said merchandise (tombstone monuments) were sold defendant." The notes were executed on October 22, 1959 and February 1, 1960, payable "after date", on demand, so the debts were due and payable. Defendant testified that he made two specific payments to plaintiff, evidenced by two checks: one dated July 10, 1961, payable to C. S. T. Company (a collection agency), in the amount of $1,329.65, and another check dated October 14, 1960, in the amount of $522.90, issued by the Southeastern Monument Company (owned by Rouse), payable to Mrs. Tate.

 █ The jury gave defendant credit for payment on the notes in the aggregate amount of the checks. This was error. It was contrary to the undisputed evidence offered by Mrs. Tate. Both promissory notes reflect on their face that they were in payment of certain numbered invoices. The total purchases under the respective invoices aggregate the face amounts of the two notes. Plaintiff's ledger sheets, kept in the regular course of business by her, were introduced in evidence. They reflected that Rouse had an open account with

Mrs. Tate, which he admitted; that he was given credits on it for the numbered invoices referred to in the notes, and the notes receivable were set up in a separate record. The two checks paid off the balance of Rouse's open account, after deducting from it the amount of the notes transferred to an account designated "notes receivable." These were original entries made by Mrs. Tate, under the supervision of a certified public accountant. There was no question as to the validity of these books of account. They were not challenged or shown to be untrustworthy. This documentary evidence, not disputed or contradicted by any substantial evidence for defendant, shows that the effect of the two checks was to pay off the balance of Rouse's open account. They were not given or credited to pay the notes.

Furthermore, there is no acceptable evidence that the debtor, Rouse, directed application of these payments on the notes. Hence the creditor had the right to make the appropriation to any valid and subsisting claim which was due, which she held against him. Where the debtor does not direct the application, the creditor can make it. Mrs. Tate had the right to apply the payments represented by these two checks to Rouse's open account. In fact, her undisputed records show that the amounts of these two checks paid off the balance of the open account, leaving only the notes. Hannan Motor Co. v. Darr, 212 Miss. 870, 879-881, 56 So. 2d 64 (1952); McLaughlin v. Green, 48 Miss. 175 (1873); 70 C.J.S., Payment, § § 57, 65, 97; 40 Am. Jur., Payment, § 117.

Moreover, plaintiff had possession of the notes, and defendant, asserting payment, offered no corroboration of the claimed payment. On the contrary, the evidence shows that the two checks were credited to pay the balance of the open account, and were not applicable to the separate obligations represented by the two notes. Garrett v. Pigford, supra; Hans v. Wiesenburg, 237 Miss. 351, 114 So. 2d 849 (1959). In short, Rouse, with

the burden of proof on payment, failed to establish this affirmative defense.

*Second.* Defendant's answer did not plead a material alteration in the notes. By amendment during trial he claimed the interest provisions in the notes were left blank at the time of execution. Rouse testified that "when the original note was signed there was no interest given"; that interest was discussed, and they agreed there was to be none. The notes were for security only. On rebuttal, Mrs. Tate denied that she made any changes in the notes after execution, and said the interest rates were reflected on them when Rouse mailed them to her. Defendant offered no expert or other evidence as to when, by whom and how there was any alteration.

Mississippi Code 1942, Rec., § 165 (N.I.L. § 124) states that where a negotiable instrument "is materially altered" without the consent of all parties liable, "it is avoided, except as against a party who has himself made, authorized, or assented to the alteration, and subsequent endorsers." Code § 166 (N.I.L. § 125) provides: "Any alteration which changes: . . . (2) the sum payable, either for principal or interest . . . is a material alteration."

Rouse does not contend that the instruments are void under these statutes. He did not argue that in the lower court or here. In the trial his counsel stated, "We don't contest the attorney's fees. We contest the interest." Defendant's sole instruction on this issue advised the jury that, if it found the notes contained no provision for the payment of interest at the time they were executed by him, "then your verdict shall not award the plaintiff damages for interest due and payable on and under said notes." Rouse did not cross appeal, and in his brief recognizes that his contention on this question is limited solely to liability for interest, that he cannot attack in toto the validity of the notes under

this state of the record. Hence on this issue defendant limited his defense to whether he was liable for interest.

■■ ■ Appellee's evidence was insufficient to make a jury issue on alteration by filling in the blanks for the rate of interest. If the interest provision was in blank, the notes would bear six percent interest per annum. Miss. Code 1942, Rec., § 36. ■■ ■ Where defendant alleges and has the burden of proving an alteration vitiating an instrument, it is incumbent upon him to establish both the fact of the alteration and its vitiating character. ■■ ■ These notes contain no erasures or interlineations. All of the typing on the smaller note was manifestly done by the same typewriter. The figure for rate of interest on the larger note was apparently written on a different typewriter. The notes were transmitted through the mail from the payee to the maker, and back to the payee. This difference in type on this particular note, standing alone, is not evidence of an alteration after execution. Hence the alleged alterations of the rate of interest, by filling in blanks, are nonapparent on the face of the notes.

■■ ■ A plea of alteration after execution is an affirmative defense, and defendant has the burden of proving it by clear and convincing evidence. 4 Am. Jur. 2d, Alteration of Instruments, § 87; 3 C.J.S., Alteration of Instruments, § 92, p. 1005; Britton, Bills and Notes (1943), § 287, pp. 1084-1085. Jackson v. Day, 80 Miss. 800, 802, 31 So. 536 (1902), held to this effect, stating that it must "plainly appear" and be "plainly certain" that the instrument had been altered.

Appellee failed to show by clear and convincing evidence the fact of the alteration, when it was made, and its vitiating character. The only evidence on this issue is his oral statement, denied by plaintiff, that the blank spaces for rate of interest were not filled in when he executed them. Ferguson v. White, 18 So. 124 (Miss. 1895), held this was not sufficient evidence of alteration,

under the burden of proof for this affirmative defense, to make a jury issue. The maker's testimony that the words "or bearer" were not in the note when he executed it, and the payee's testimony that he did not insert the words, were held to be insufficient to charge the latter with alteration. The integrity of negotiable instruments requires a more substantial proof of alteration than the maker's oral statement to that effect.

Citing *Ferguson* and other cases, 3 C.J.S., Alteration of Instruments, p. 1005, summarizes the same general approach to this problem of proof:

"Where the only evidence as to an alleged alteration is that of the maker that the words were not in the note when he executed it, and the payee testifies that he did not insert the words, there is no evidence of an alteration to charge the payee; and it has been held that, although plaintiff is unable to prove the circumstances of the alteration, yet if he proves that the note has never been, to his knowledge, in the possession of anyone but himself or his agent, and that the alterations therein were not made by or with the knowledge or consent of either of them, it is sufficient to entitle him to recover." Cf. Miss. Code 1942, § 1750, requiring plea under oath of non est factum, except where alteration after execution of instrument, Henderson v. Wilson, 6 How. 65 (Miss. 1842).

In brief, appellee had the burden of proof to establish his affirmative defense of alteration after execution by clear and convincing evidence, and he failed to offer sufficient evidence to make a jury issue on this question.

Hence the jury's verdict, upon which the trial court's judgment was based, finding a partial payment and denying interest and attorney's fees, was in error. They are reversed, and judgment is rendered here for appellant, for the aggregate principal amounts of the notes, $2,723.80, plus interest and attorney's fees.

Reversed, and judgment rendered for appellant.

*McGehee, C. J., and Kyle, Gillespie, and Rodgers, JJ.,* concur.