LEE, Justice,
for the Court:
Thomas L. James and Louise M. James filed a bill of complaint in the Chancery Court of Madison County, Honorable Mike Carr, Special Chancellor, presiding, against Jackson Production Credit Association [JPCA] and Jim B. Tohill, Substituted Trustee, praying for an injunction to enjoin the foreclosure of a deed of trust on certain lands in Madison County,[1] and for other relief. JPCA filed an answer and cross-bill, the chancellor rendered an opinion and decree, dismissed the bill of complaint and dissolved the temporary injunction; stated the indebtedness against the James to be the sum of two hundred eighty--four thousand four hundred forty-six dollars sixty five cents ($284,446.65), together with fifteen percent (15%) attorney’s fees; and authorized and directed the substituted trustee, Jim Tohill, to proceed with the foreclosure of the trust deed. The chancellor declined to allow five percent (5%) damages upon dissolution of the injunction. The James’ have appealed and JPCA has cross appealed.
I.
Does the statute of limitations bar the claim of JPCA and Jim Tohill, Substituted Trustee, on the notes and deed of trust involved here, and has the indebtedness on same been extinguished?
A number of sub-points were argued and briefed on this question, but we will address only the broad general assignment.
On December 11, 1968, appellant(s) executed a promissory note to JPCA in the sum of one hundred ninety-four thousand one hundred sixty-three dollars ($194,163.00) due on demand after October 1, 1969. The note was secured by appellants’ deed of trust bearing the same date. That deed of trust gives rise to the litigation here.
The deed of trust is in standard form and provides security for payment of the said indebtedness and any future or additional advances made to the James, and any other indebtedness of debtors to the beneficiary, incurred or acknowledged within thirty-six (36) months from the date of the instrument. On January 19, 1970, appellant(s) executed a note to JPCA for one hundred ninety nine thousand five hundred eighty-three dollars ($199,583.00) due on demand after October 1, 1970, which note recited that it was a renewal and an extension of the December 11, 1968 note, and, that it was not a cancellation.
On January 20, 1971, appellants executed a promissory note due on demand after October 1, 1971, in favor of JPCA, reciting that it was a renewal and extension of the note of January 19, 1970. It was secured by the future advance provision of the December 11, 1968 deed of trust. Marginal entries were made on the deed of trust record indicating the renewals, in accordance with the statute.
Thereafter, the matters became involved in litigation and have been since 1974. The trustee advertised foreclosure of the deed of trust for the first time on October 6, 1975, which foreclosure was enjoined. On May 8, 1979, a preliminary writ of injunction was issued, enjoining foreclosure of the deed of trust by JPCA and Jim Tohill, substituted trustee, and, after a trial on the merits, the preliminary injunction was dissolved, from which action this appeal is prosecuted.
In Temples v. First National Bank of Laurel, 239 Miss. 446, 123 So.2d 852, 854 (1960), the Court said:
“In other words, it is their contention that in any event the indebtedness was extended to December 15, 1936, and that this date marked the expiration of the period of limitation. Therefore, they say that the foreclosure sale was void because action on both the note and deed of trust was then barred by the statutes of limitation. They would be correct in their contention that the foreclosure sale was void because the bar of the statutes of limitation had already run on the debt and on the deed of trust but for the fact that the indebtedness from its original maturity *496 date was renewed from time to time by new notes. Of course, if the statutes of limitation had run at the time of the sale both the right and the remedy on the note and deed of trust would have been extinguished and the sale would therefore have been void. The proof, however, does not support this contention. All of the renewal notes were executed prior to the running of the statutes of limitation. The acknowledgement of the indebtedness, executed and entered on the margin of the record of the deed of trust under date of October 15, 1936, was effective to start the running of the statutes of limitation anew from this day forward.
In 54 C.J.S. Limitations of Actions § 320a, it is said: ‘An acknowledgment or new promise fixes a point of time from which limitations begin to run anew, and an action commenced within the statutory time thereafter is not barred by limitations. If such acknowledgment or promise is made before the bar of the statute has become complete, it starts the statute anew from the date of the promise or acknowledgment and against the original claim, unless the new promise is intended by the parties to take the place of the original liability, in which case the period of limitation is determined by the character of the new promise.’ ” (Emphasis added). 239 Miss, at 453, 123 So.2d at 854 ■ 855.
In the present case, the January 20, 1971 note recited that “This is a renewal and an extension and not a cancellation . . .
The appellants cite the Missouri case of Ottenad v. Mount Hope Cemetery & Mausoleum Co., 176 S.W.2d 62 (Mo.App.1943) which states the principle that, where a mortgagee induced, provoked and promoted litigation, the statute of limitations was not tolled. In our view, the appellees have not conducted themselves in such manner as to invoke that principle of law against them.
We have studied the chronology of events surrounding the foreclosures and litigation involving the appellants and appel-lees and conclude that the indebtedness incurred by appellants and the claim founded on the deed of trust are not barred by the statute of limitations and that the indebtedness has not been extinguished.
II.
Did the court err in its determination that JPCA has been a mortgagee in possession of the property since July 25, 1977?
Mississippi Code Annotated Section 89-1-43 (1972) provides, in part, as follows:
“[Bjefore a sale under a mortgage or deed of trust, the mortgagor or grantor shall be deemed the owner of the legal title of the property conveyed in such mortgage or deed of trust, except as against the mortgagee and his assigns, or the trustee after breach of the condition of such mortgage or deed of trust.”
Appellees proceeded to foreclose the deed of trust and a trustee’s deed was executed and delivered on July 25, 1977, conveying the property to JPCA.[2] JPCA immediately went into possession of same and exercised possession and ownership over it by inspecting the land and the crops; negotiating with tenants for the lease of the land, for the crop year 1978; leasing tracts of the land to two (2) tenants; receiving rentals from the leases as they became due; paying amounts due the Federal Land Bank under deeds of trust to it; negotiating leases for the year 1979; paying ad valorem taxes on said lands; executing a subordination agreement in order to permit one of the tenants to acquire crop loans; requiring its tenants to exercise good husbandry over the lands; by legal action, causing purported leases executed by other persons to be set aside and cancelled; and receiving all income produced by and on the property.
In Wirtz v. Gordon, 187 Miss. 866, 184 So. 798 (1938), the Court said:
“[WJhere a mortgagee obtains possession in a suit, or under an irregular, or voida *497 ble, or void, foreclosure, after breach of the condition of the mortgage, he has a right to hold possession until the mortgage is paid. The mortgagor cannot deprive the possession without paying the debt. . . This rule, that the mortgagee cannot be deprived of possession by the mortgagor until the debt is paid is applied in cases where the debt secured by the mortgage is barred by the statute of limitations.” 187 Miss, at 877, 184 So. at 802.
The chancellor held that JPCA was a mortgagee in possession of the property and that it could not be dispossessed until the indebtedness owing it was paid, or until a different party acquired the land under a valid foreclosure sale. We cannot say that the chancellor was manifestly wrong in his finding of fact, nor can we say that he misapplied the law.
The other contentions advanced by appellants have been carefully considered and it is our conclusion that they are without merit. Therefore, we affirm the lower court on direct appeal.
CROSS-APPEAL
Did the special chancellor commit error in refusing to allow five percent (5%) damages to cross-appellant JPCA, upon dissolution of the temporary injunction?
Mississippi Code Annotated Section 11 ■ 13-35 (1972) provides the following:
“When an injunction, obtained to stay proceedings on a judgment at law for money, shall be dissolved, in whole or in part, damages at the rate of five per centum shall be added to the judgment enjoined, or to so much thereof as shall be found due, including the costs; and the clerk of the chancery court shall certify such dissolution to the clerk of the court in which the judgment was rendered, who shall thereupon issue execution for the damages as well as for the original debt and costs. Damages at the same rate shall be allowed upon the dissolution of injunctions to stay sales under deeds of trust, or mortgages with power of sale; and such damages may be added to the debt, and collected by the sale of the property, or execution may issue from the chancery court for the same, together with the costs of suit, unless the value of the property, the sale of which was restrained, be less than the amount of the debt, in which case the damages shall be computed on the value of the property, to be ascertained and determined by the chancellor. In all cases upon the dissolution of an injunction, the damages may be ascertained by the court or chancellor, or upon reference to a master, and proof, if necessary, and decree therefor be made, and execution be issued thereon.”
The chancellor gave no reason for denying five percent (5%) damages upon dissolving the injunction. In Haines v. Wiesenburg, 237 Miss. 351, 114 So.2d 849 (1959), a case similar to the present one, the chancellor dissolved an injunction, allowed attorney’s fees, fixed the amount of the debt and trustee’s fees, but denied the five percent (5%) damages. In reversing and allowing the damages, this Court said:
“On the cross appeal by Dobbs, he claims that he is entitled to damages upon the dissolution of the injunction to stay the sale under the deed of trust in the amount of 5 percent of the amount realized from the sale of the property. We think that Section 1352 of the 1942 Code [now Miss. Code Ann. § 11-13-35 (1972)] so provides and that the contention in the cross appeal should be sustained.” 237 Miss, at 355, 114 So.2d at 851.
The case of Barcroft v. Armstrong, 198 Miss. 565, 21 So.2d 817 (1945), where five percent (5%) damages were not allowed, is distinguished from the present case in that there, the injunction was dissolved as to lands of the mortgagor but was retained as to lands not owned by the mortgagor.
We are of the opinion that the lower court erred in denying the 5% damages as provided by statute, that the judgment should be reversed and rendered thereasto, and that the case should be remanded to the chancellor for determination of the statutory damages.
*498 AFFIRMED ON DIRECT APPEAL; REVERSED AND RENDERED ON CROSS-APPEAL; AND REMANDED FOR DETERMINATION OF STATUTORY DAMAGES.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
PATTERSON, C. J., took no part.

. A temporary injunction was issued.

. The trustee’s deed subsequently was set aside because of irregularities in the foreclosure, following suit for that purpose by appellants.