249 F.2d 417
 UNITED STATES of America ex rel. Robert Lee GOLDSBY, Appellant,
v.
William HARPOLE, Superintendent of Mississippi State
Penitentiary, Parchman, Mississippi, Appellee.
 No. 16481.
 United States Court of Appeals Fifth Circuit.
 Nov. 20. 1957.
 
 George N. Leighton, Chicago, Ill., Moore, Ming & Leighton, Chicago, Ill., for appellant.
 Joe T. Patterson, Atty. Gen. of Miss., John H. Price, Jr., J. R. Griffin, Asst. Attys. Gen., Ross R. Barnett, Jackson, Miss., Barnett, Jones & Montgomery, Jackson, Miss., for appellee.
 Before RIVES, JONES and BROWN, Circuit Judges.
 JOHN R. BROWN, Circuit Judge.
 
 
 1
 In his application for writ of habeas corpus to the court below, appellant Goldsby alleged that his conviction for murder and sentence of death imposed by the courts of Mississippi, Goldsby v. State, miss., 78 So.2d 762; certiorari denied 350 U.S. 925, 76 S.Ct. 216, 100 L.Ed. 809; Goldsby v. State, Miss., 86 So.2d 27; certiorari denied 352 U.S. 944, 77 S.Ct. 266, 1 L.Ed.2d 239, constitute a deprivation of his liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution because of the systematic exclusion of members of his, the Negro race, from the lists from which grand and petit juries are selected in Carroll County, Mississippi and therefore from the grand jury which indicted him and the petit jury before which he was tried.[1]
 
 
 2
 The District Court dismissed the application without requiring any response from the State of Mississippi, apparently on the thesis that it failed to state any basis for the requested relief since it was asserted that the record of the criminal proceedings at no time during the trial of appellant for murder showed that the constitutional question was raised. We feel that the petition was too summarily dismissed and that the appellant is entitled to a hearing upon his allegations, Chessman v. Teets, 350 U.S. 3, 76 S.Ct. 34, 100 L.Ed. 4.
 
 
 3
 That Federal Habeas corpus is available to prisoners in custody under the final judgments of the courts of the several states to test the constitutionality of their deprivation of liberty has long been established by statute, 28 U.S.C.A. 2241, and is not open to question. It is equally well settled that the systematic exclusion of members of the race of an accused from the juries by which he is indicted and tried is a denial of the constitutional guarantees which must be afforded to one accused of crime and brought to trial in a state court. Patton v. State, 332 U.S. 463, 68 S.Ct. 184, 92 L.Ed. 76; Hill v. State of Texas, 316 U.S. 400, 62 S.Ct. 1159, 86 L.Ed. 1559; Smith v. State of Texas, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84; Norris v. State of Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074; Bush v. Commonwealth of Kentucky, 107 U.S. 110, 1 S.Ct. 625, 27 L.Ed. 354.
 
 
 4
 Having alleged a prima facie case of a denial of due process, Goldsby was entitled to a hearing and an inquiry into the truth of his allegations[2] 'unless it appears from the application that * * * (he) is not entitled thereto.' 28 U.S.C.A. 2243. The ancient writ of habeas corpus is an extraordinary process which, as such, requires some particularity of pleading beyond that normally necessary in other civil cases,[3] but in the interests of justice and provide the vindication of fundamental rights, the purpose for which the writ is designed, the pleadings of a prisoner should not be scrutinized for compliance with technical niceties, Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367; Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61, and may be amended even if insufficient in substance, Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392;28 U.S.C.A. 2242; F.R.Civ.P. 15.
 
 
 5
 Whether, on the hearing, the record will bear out that the constitutional issue has adequately been preserved, Adams v. United States,317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, the application /4/ with which we are here concerned alleged more than the mere fact that Negroes were systematically excluded from the jury lists. And in the present posture of this case, when no response sponse has been made to the application for habeas, corpus which was dismissed for failure to state grounds for relief, this court may take as true all facts well pleaded in determining whether the dimissal was proper. Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61; Lisenba v. People of State of California, 314 U.S. 219, 237, 62 S.Ct. 280, 86 L.Ed. 166; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739.
 
 
 6
 This makes the allegations of Paragraph 14 of the application of extreme importance. In Paragraph 14 Goldsby avers that 'Because of petitioner's ignorance and the circumstances of his arrest and incarceration, and as a consequence of the customs, mores and usages of the State of Mississippi, Petitioner was not able to challenge[5] the competency and qualifications of the Grand Jury that was sworn and impaneled * * *.' This allegation, considered in conjunction with those facts (see note 4, supra) averred which sufficiently set forth the speed in which the indictment was returned and appellant put on trial, at least permit a pleader's inference for proof that petitioner, an ignorant layman, had not had an adequate opportunity for counselling with his various counsel sufficient to enable him intelligently and deliberately to understand and approve the available or recommended courses of action, including the availability and desirability of urging defensive constitutional objections to the composition of the grand and petit juries. Whether, under the circumstances briefly but sufficiently set forth, this was an adequate preservation of the constitutional issue, and, if not, whether it was sufficient to excuse the defent are matters to be determined upon the hearing.
 
 
 7
 We therefore hold that this dismissal was erroneous and that the application should be determined upon a hearing. It is, of course, incumbent upon the applicant to carry the burden in a collateral attack upon a judgment, Williams v. Kaiser, supra; Walker v. Johnson, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, but he is entitled to an opportunity to shoulder it. Hawk v. Olson, supra. But we think it important to point out-- especially in the delicacy which unavoidably inheres as the Federal judiciary exercises its constitutional duty of determining whether state court criminal proceedings have offended Federal constitutional guarantees-- that nothing said or unsaid, expressed or implied is an intimation, one way or the other, on the facts or what the District Court should or should not do or find on the hearing which we hold is required.
 
 
 8
 Reversed.
 
 
 
 [1]
 It was alleged that under the Mississippi statutes, prospective jurors are to be selected from the lists of qualified voters and that although Carroll County, according to the 1950 Census, had a population of 15,449 persons of which 8,829 were Engroes, 5,300 of whom were by reason of age and educational qualifications eligible to qualify as voters, that at the time the indictment was returned against appellant and for a long time before, no Negro had ever appeared upon the voting lists and therefore none had been included on the lists of prospective jurors
 
 
 [2]
 This will include the allegation that state remedies have been exhausted in accordance with 28 U.S.C.A. 2254. On the present uncontroverted record this date originally set for trial re-entered the been presented to the highest Court of Mississippi and relief denied Goldsby v. State, 86 So.2d 27, and an application for certiorari from the United States Supreme Court was prosecuted and denied 352 U.S. 944, 77 S.Ct. 266, 1 L.Ed.2d 239. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469
 
 
 [3]
 The Federal Rules of Civil Procedure have no application, other than by analogy, to habeas corpus proceedings unless by express statutory requirement. F.R.C.P. 81(a)(2), 28 U.S.C.A. United States ex rel. Jelic v. District Director of Immigration, 2 Cir., 106 F.2d 14
 
 
 [4]
 Although the present record contains little more than the petition for writ of habeas corpus and the order dismissing it, the facts gleaned from the state court opinions, to which reference is made, and allegations appear to be that the murder indictment was returned by the Carroll County grand jury on November 8, 1954, arraignment being held that same day with trial set for November 10, only two days later. On the date set for trial, counsel previously engaged by a relative of appellant in St. Louis, withdrew from the defense for reasons which are not indicated, leaving appellant without counsel to aid in his defense. The trial court appointed counsel from a neighboring county to assume the defense and the trial was passed until the following day when another attorney engaged from the local bar by relatives of appellant joined the defense and the trial proceeded to conviction and sentence. An appeal was carried to the Supreme Court of Mississippi which affirmed the judgment and sentence of the trial court, Goldsby v. State, 78 So.2d 762. Up until this time, March 28, 1955, there had never been any assertion that the constitutional rights of appellant had been denied. At this point, counsel who had withdrawn from the case on the date originally set for trila re-entered the defense and applied for a writ of certiorari from the United States Supreme Court to the Supreme Court of Mississippi, for the first time urging the systematic exclusion of Negroes from the jury lists. When this application was denied Goldsby v. State, 350 U.S. 925, 76 S.Ct. 216, 100 L.Ed. 809, Goldsby, on February 21, 1956, applied to the Supreme Court of Mississippi for a writ of error coram nobis or, in the alternative, habeas corpus, for the first time asserting in the state courts, the denial of due process of law. In denying the writ, the Supreme Court of Mississippi held that the denial of certiorari by the United States Supreme Court was res adjudicata of the constitutional question and that the application now came too late since no objection to the validity of the juries impaneled in the cause had been made at the time of the trial or on appeal. Goldsby v. State, Miss., 86 So.2d 27
 
 
 [5]
 Apparently as an additional reason why he either did not, or did not have to, make the challenge to the juries, Goldsby further alleged that the statutes of Mississippi preclude questioning the validity or regularity of the selection or impaneling of any jury once it has been impanelled and sworn as any jury once sworn is deemed to be a legal one. Code of Mississippi, 1942, 1784, 1798. But in its opinion denying petitioner's application for writ of error coram nobis, 86 So.2d 27, the Supreme Court of Mississippi pointed out that regardless of this statutory language, when a person is accused subsequent to the impaneling of the grand jury so that he has no opportunity to challenge the validity of the jury and a Federal Constitutional question is involved, that he is not precluded from moving to quash any indictment returned against him