**John A. SAVAGE and Eliza T. Savage, Appellants,**

v.

**Ivan K. HADLOCK et al., Appellees.**

**Nos. 13994, 13995.**

United States Court of Appeals District of Columbia Circuit.

Argued May 15, 1961.

Decided Aug. 10, 1961.

Mr. Kenneth D. Wood, Washington, D. C., argued the motion for leave to file petition for rehearing for appellants.

Mr. John J. Donnelly, Washington, D. C., argued in opposition to appellants' motion for leave to file petition for rehearing for appellees.

Before EDGERTON, PRETTYMAN and DANAHER, Circuit Judges.

PER CURIAM.

This matter is before us on a motion by appellant Savage for permission to file a petition for rehearing.

Savage was the administrator of the estate of a decedent. He was sued in 1951 by the heirs at law and next of kin (Hadlock and Helmbold) for alleged fraud. The plaintiffs demanded an accounting. The District Court referred the matter to its Auditor. The Auditor computed the cost of the audit to be about $800 and billed Hadlock and Helmbold for half of that amount and Savage for

the other half. Savage responded that a defendant is not chargeable for an advance on the costs of an accounting sought by a plaintiff. Upon the Auditor's report to the District Court concerning this response, the plaintiffs moved that all of Savage's pleadings be stricken and that judgment against him be entered. After argument, the court, on July 28, 1954, granted the motion, but with this proviso: "provided, however, that if defendant, within five days from the date of this Order shall deposit with the Auditor his share of said indemnity in the amount of $437.50, then, in that event, plaintiffs' motion to strike defendant's answer and all pleadings filed in this cause by defendant, shall stand denied."

This order has been the focal point of Savage's persistent complaint ever since. Within the five days he gave the Auditor a check for the $437.50. At the same time he wrote and sent a letter to the District Judge and to the Auditor in somewhat less than temperate language, saying that unless they returned his money he would sue them in Municipal Court.[1] The Auditor acknowledged the letter and said he would not deposit the check, so that plaintiffs might submit to the court the question whether the check, with the letter, constituted compliance with the court's order. Plaintiffs filed a motion for the taking of *ex parte* proof on the amount of damages. They asserted non-compliance by Savage with the order of July 28th and that "the judgment therein granted plaintiffs stands." Savage answered that he had complied with the court's order of July 28th. Presented with this clear issue the District Court, on October 12, 1954, without findings or opinion, granted the plaintiffs' motion.

The hearing thus ordered was had, limited, over Savage's protests, to evidence upon the amount of damages. The court, on October 29, 1954, entered judgment for Hadlock, et al., in the amount of $17,548.91. The order awarding the judgment was titled "Order Carrying into Effect Final Judgment of July 28,

1954," and was entered "Under the Judgment of July 28, 1954." The dollar judgment of October 29, 1954, was formally entered.

Savage noted an appeal from the October judgment. He docketed the appeal in this court, but he took no further steps to perfect it by filing the record. Appellees (Hadlock and Helmbold) moved to dismiss. Savage moved for an extension of time to file the record and for leave to proceed *in forma pauperis*. On March 22, 1955, this court granted the motion to dismiss and denied Savage's motions.

Subsequently, in 1956, Hadlock and Helmbold filed a suit, in aid of execution of the October, 1954, judgment, to set aside certain deeds to realty executed by Savage. Savage raised the question about the validity of the October judgment and the underlying July 28th order. Trial was had, and the District Court entered judgment for the plaintiffs. Savage appealed *in forma pauperis*. This court limited the issues but included as one issue "Validity of the District Court order of July 28, 1954, and the judgment based thereon, having regard to the action of this Court in dismissing the appeal taken therefrom." The case was briefed and argued. Savage, in his statement of the case, recited the facts which we have above outlined concerning the events surrounding the July 28th order and the October judgment. In his statement of points he included the statement that the July order was not a default judgment and that the trial court erred in construing it to be a default judgment. He also made the point that the judgment of October 29th was void because based upon an invalid construction of the July order. This court affirmed the judgment setting aside the deeds. The realty in question was subsequently sold by a court-appointed trustee in partial satisfaction of the October 29th judgment.

The first pertinent inquiry is whether the order of July 28, 1954, was itself a default judgment in purport and effect, even though not formally entered as such.

---

1. He later rescinded his threat and attempted to withdraw the letter.

As we have said, it gave Savage five days to deposit the amount billed him by the Auditor and directed a default judgment in the event of non-compliance. Savage deposited a check,[2] as noted, but at the same time demanded its return, under threat of suit. His letter to that effect was outstanding at the expiration of the prescribed five days. At that point of time his deposit was certainly equivocal and conditional. Did this manner of deposit comply with the court's order, or did it not? No court, as far as we have been able to learn, has ever spoken specifically one way or the other upon the precise question. No default judgment was ever formally entered. No such judgment appears among the papers in the files. None appears on the docket sheet of the case in the Clerk's docket book. This fact, Savage has maintained for seven years, rendered void all that subsequently transpired. He says he was never in default, never had a hearing or an opportunity to present evidence upon, or to obtain a judicial determination of, his liability for the damages assessed against him. Irrespective of the merits of these arguments, however, we are of opinion that the rights of the parties became irretrievably fixed by the course of events in the District Court and in this court.

Savage had many opportunities to argue the question whether the July 28th order was a default judgment. He did raise it before the District Court in October, 1954, when the plaintiffs moved for an *ex parte* hearing on damages. The issue was clearly presented and all the relevant papers were before that court. The order granting plaintiffs' motion was an implicit rejection of Savage's argument. If that ruling was erroneous it could have been challenged on appeal from the October 29th judgment. Indeed, the record indicates that the question would have been raised here. But Savage failed to perfect his appeal and we dismissed the case. Rightly or wrongly, the District Court had entered a dollar judgment for damages. That judgment could validly have been entered only upon the premise of liability. If the premise was assumed in error, it was open to correction on appeal. When the appeal was dismissed any error in the judgment was thus finalized.

Ordinarily this would have settled the matter. The question might well have been considered *res judicata*. But Savage was given still another opportunity to raise the point. On his appeal in the second case (i. e., the suit in aid of execution of the original judgment), the issue was fully briefed and argued. A panel of this court held against him and later denied rehearing. Subsequent motions seeking reconsideration *en banc* were also denied.

This has been a long controversy, and the files are voluminous. Savage has had several attorneys and has also often acted *pro se*. We have meticulously reviewed the files, upon the skillful urging of Savage's present respected counsel. Savage would have us grant his motion so as to permit him to file a motion for rehearing. This we cannot do. Deeds have been set aside and property has been sold in reliance on a final judgment. The record cannot now be reopened to the detriment of others whose rights have attached consequent to judicial action.

It is true there are omissions and perhaps misunderstandings in the formal records in this case. But the critical intentions and effects are clear and consistent throughout. We cannot at this time reverse the course of the litigation which terminated in final judicial actions.

The motion will be

Denied.

---

2. The Auditor still holds the check, never having submitted it for cashing.