Joseph A. BOLDEN, Jr., Appellant,

v.

Donald C. CLEMMER et al., Appellees.

No. 16313.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 21, 1961.

Decided Nov. 9, 1961.

Mr. Harold Leventhal, Washington, D. C. (appointed by this court) for appellant.

Mr. Ted D. Kuemmerling, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief for appellees.

Before PRETTYMAN, FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant filed in the District Court his petition for a writ of habeas corpus. Upon consideration of a return pursuant to a rule to show cause, the District Court denied the petition, and we allowed this appeal in forma pauperis. We limited our consideration to the single issue "of whether petitioner's detention in the District of Columbia jail is illegal by reason of an illegal transfer from the Eastern District of Virginia."

Following appellant's conviction[1] of robbery and carrying a dangerous weapon, appellant was sentenced to serve five years to fifteen years on the first three counts and one year on the fourth count, the sentences to run concurrently. Appellant was committed to the custody of the Attorney General or his authorized representative,[2] whereupon he was ordered confined in the Lorton Reformatory at Lorton, Virginia. He thereafter filed in the United States District Court for the Eastern District of Virginia a petition for a writ of habeas corpus. Relief having been refused, and despite the fact that a petition for allowance of an appeal in forma pauperis had been filed in the Court of Appeals for the Fourth Circuit, appellant was transferred[3] on December 9, 1960, to the jail in the District of Columbia where he was confined when the present action was commenced.[4]

Supreme Court Rule 49, ¶ 1, 28 U.S.C., provides in pertinent part:

"Pending review of a decision refusing a writ of habeas corpus, or *refusing a rule to show cause* why the writ should not be granted, the custody of the prisoner shall not be disturbed, except by order of the court wherein the case is then pending, or of a judge or justice thereof, upon a showing that custodial considerations require his removal. In such cases, the order of the court or judge or justice will make appropriate provision for substitution so that the case will not become moot." (Emphasis added.)[5]

Appellant here had alleged, *inter alia,* that his transfer from the Lorton Reformatory to the District of Columbia jail had been intentionally undertaken in order to "hamper" his pending petition for appeal. The appellees in their Return in response to the rule to show cause did not controvert that allegation. They made no demonstration by any pleading of record that there had been an order either by the Eastern District Court or by any judge or justice, authorizing the transfer "upon a showing that custodial considerations" had required the removal of the prisoner from Virginia to the District of Columbia. At the very least, the appellant was entitled to a hearing on his allegation.[6]

---

1. We affirmed in Bolden v. United States, 105 U.S.App.D.C. 259, 266 F.2d 460 (1959).

2. See D.C.Code § 24–402 (1951).

3. Cf. D.C.Code § 24–425 (1951) which provides:

   "The Attorney General is also authorized to order the transfer of any such person from one institution to another if, in his judgment, it shall be for the well-being of the prisoner or relieve overcrowding or unhealthful conditions in the institution where such prisoner is confined, or for other reasons."

   We are not shown by whose authority the transfer was here effectuated.

4. Named and served as respondents herein were Donald C. Clemmer, Director of the Department of Corrections, Paul Pegelow, Superintendent of the Lorton Reformatory, Curtis Reid, Superintendent of the D. C. jail, and the Commissioners of the District of Columbia; our record does not disclose what respondents were named in the Virginia proceedings. The Supreme Court denied certiorari in "Bolden et al. v. Pegelow et al.," 365 U.S. 829, 81 S.Ct. 717, 5 L.Ed.2d 707 (1961). The parties here on brief have respectively alluded to the Virginia action. Otherwise, we are without information as to the exact course taken by the proceedings there.

5. 346 U.S. 999. Various custodial situations are dealt with in the remaining paragraphs of Rule 49, some clearly referable to the custody *of the Court,* others to the "custody from which [the prisoner] was taken." The Court's authority stems from R.S. § 765 as carried forward in § 6(d) of the Act of February 13, 1925, 43 Stat. 936, 940, which provided that appeals be taken under such orders "for the custody and appearance of the person alleged to be in prison or confined or restrained of his liberty * * * as may be prescribed by the Supreme Court * * *." Petition of Johnson, 72 S.Ct. 1028, 1029 n. 1, 96 L.Ed. 1377 (1952). And see Ex parte Endo, 323 U.S. 283, 304, 307, 65 S.Ct. 208, 89 L.Ed. 243 (1944).

6. Dorsey v. Gill, 80 U.S.App.D.C. 9, 17, 18, 148 F.2d 857, 865, 866, cert. denied,

It is certainly so that the jurisdiction of the habeas corpus court had attached since Bolden and his jailer, Superintendent Pegelow, were within the Eastern District when the petition was there filed.[7] Inquiry there into the cause of the restraint of liberty was not to be impaired by the later removal of the appellant to the District jail, if Pegelow could have returned the prisoner upon order of the Virginia court.[8]

It appears that Lorton's Superintendent Pegelow was never called upon to produce the prisoner before the Virginia court,[9] for the Eastern District Judge dismissed the petition.[10] Apparently he concluded it appeared from the petition that Bolden was not entitled to the writ,[11] but must seek relief pursuant to 28 U.S.C. § 2255. Since Bolden was seeking review of the adverse order when the transfer occurred, it might, without more, seem that appellant's removal to this District was unlawful. On this record, however, we can not so decide.

■ Appellees ask us to dismiss the appeal as moot. It is argued that even if Supreme Court Rule 49[12] had been violated, the Virginia federal courts would not have lost jurisdiction.[13] Our problem primarily involves the possibly illegal confinement of Bolden in the District jail. The District Court should have inquired into the lawfulness of his transfer to that place of detention. We can not disregard the possible consequences of an apparently unlawful transfer, and on this record say that Rule 49 may be violated with impunity. We are unable to accept the further proposition that a prisoner may, in violation of the express provisions of Rule 49, be transferred to another place of detention and yet be without remedy simply because the Virginia federal courts ultimately ruled that they had no jurisdiction to inquire into the claim asserted before them.[14] We reject the suggestion of mootness.

There are various reasons why we conclude that the Rule is more meaning-

---

325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003 (1945).   •

7. Ahrens v. Clark, 335 U.S. 188, 190, 192, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); and see Mr. Justice Rutledge, dissenting, 335 U.S. 193, 196, 68 S.Ct. 1446, 1447. The presence of both prisoner and jailer within the same territorial jurisdiction thus poses no such question as the Court refused to decide in Ex parte Endo, infra note 8, 323 U.S. at 305, 306, 65 S.Ct. at 219, 220.

8. Ex parte Endo, 323 U.S. 283, 307, 65 S.Ct. 208, 89 L.Ed. 243 (1944).

9. We may surmise that Bolden had not at any time been in the custody of the Eastern District Court. Ahrens v. Clark, supra note 7, 335 U.S. at 190, 191, 65 S.Ct. at 1444; Barth v. Clise, 12 Wall. 400, 402, 20 L.Ed. 393 (1871); Stallings v. Splain, 253 U.S. 339, 342, 40 S.Ct. 537, 64 L.Ed. 940 (1920); Johnston v. Marsh, 227 F.2d 528, 56 A.L.R.2d 661 (3 Cir. 1955); see Downey v. United States, 67 App.D.C. 192, 196, 91 F.2d 223, 227 (1937); cf. Ponzi v. Fessenden, 258 U.S. 254, 261, 42 S.Ct. 309, 66 L.Ed. 607 (1922).

10. 28 U.S.C. § 2243 (1958).

11. Walker v. Johnston, 312 U.S. 275, 283, 284, 61 S.Ct. 574, 85 L.Ed. 830 (1941); United States ex rel. Goldsby v. Harpole, 249 F.2d 417, 420, 421 (5 Cir.1957); Dorsey v. Gill, supra note 6.

12. Rule 25, subd. 1 of the Rules of the Court of Appeals for the Fourth Circuit, 28 U.S.C., provides: "Pending review of a decision refusing a writ of *habeas corpus*, the custody of the prisoner shall not be disturbed." And see our Rule 29 and 28 U.S.C. § 2071 (1958).

13. Assuming a custodian in Virginia to be within the court's reach, Ex parte Endo, supra note 8, 323 U.S. at 306, 65 S.Ct. at 220, as explained in Ahrens v. Clark, supra note 7, 335 U.S. at 193, 68 S.Ct. at 1445.

14. Surely the Virginia courts had jurisdiction to determine whether or not Bolden was there entitled to relief. Johnston v. Marsh, supra note 9, 227 F.2d at 528, 529.

ful[15] than appellees would have us say. It has not been made to appear that Lorton's Superintendent had authority to retransfer Bolden from the District jail back to Virginia had he been ordered to do so.[16] It does not appear of record that the Director of the Department of Corrections, rather than Superintendent Pegelow, was the actual custodian[17] of Bolden while the latter was incarcerated at Lorton, or that the Director was amenable to the order of the federal courts in Virginia. It does not appear with respect to appellant's allegation, that appellant had been transferred pursuant to authorization by the court, as contemplated by Rule 49, or for any valid purpose not in "evasion" of the habeas corpus proceedings.[18]

Lacking an adequate record in such particulars, we will reverse and remand for further proceedings. We have extensively considered the transfer problem because of its importance, not only to the appellant, but to the neighboring federal courts within whose territorial jurisdiction so many prisoners convicted in the District of Columbia may be detained.[19]

■ It is clear that the appellant is not entitled to his release, but it may be developed that he should be returned to Lorton. The District Court has power in a habeas corpus proceeding to dispose of the matter as the law may require.[20] The District Court may find that the action should be dismissed as to certain of the appellees.[21]

Ordinarily, to be sure, the burden would rest upon the petitioner to sustain his claims by a preponderance of evidence.[22] Here, however, the fact that the appellees failed to controvert Bolden's allegation put the appellant's case in a different posture. Moreover, whatever grounds there may have been for the transfer and upon which the appellees relied are matters peculiarly within their own knowledge. It is not too much to require that they justify their course.

Unless upon consideration of our opinion, the appellees shall promptly retransfer the appellant to Lorton, the District Court will appoint counsel to assist the appellant. The respective parties will be permitted to file such amended pleadings as may be necessary to develop the issues. The court will then afford such hearing as may be required.

Reversed and remanded.

15. That an unlawful transfer may have serious impact upon a prisoner's ultimate release cannot be doubted, for "good time" allowances, 18 U.S.C. § 4161, and "industrial good time" computation, 18 U.S.C. § 4162, may be interfered with. We express no definite opinion on this subject in view of our order limiting the issue to be presented on this appeal. We may note that appellant's petition had alleged abridgement of his rights in these respects.

16. Cf. United States ex rel. Innes v. Crystal, 319 U.S. 755, 63 S.Ct. 1164, 87 L.Ed. 1708, as explained in Ex parte Endo, supra note 8, 323 U.S. at 305, 65 S.Ct. at page 219.

17. But see Reorganization Order No. 34—Department of Corrections, D.C.Code, Title I, Supp. VIII, 1960, at page 50; D.C.Code §§ 24-441, 24-443 (1951).

18. Cf. Ex parte Endo, supra note 8, 323 U.S. at 304, 65 S.Ct. at 219.

19. See references and discussion by Mr. Justice Rutledge, dissenting in Ahrens v. Clark, supra note 7, 335 U.S. at 207 n. 24, 68 S.Ct. at 1453 and following pages.

20. Kennedy v. Reid, 101 U.S.App.D.C. 400, 405, 249 F.2d 492, 497 (1957).

21. Cf. Eisentrager v. Forrestal, 84 U.S. App.D.C. 396, 403, 174 F.2d 961, 968 (1949), rev'd on other grounds sub nom. Johnson v. Eisentrager, 339 U.S. 763, 790, 70 S.Ct. 936, 94 L.Ed. 1255 (1950). [See discussion by Mr. Justice Frankfurter in Burns v. Wilson, 346 U.S. 844, 851, 852, 74 S.Ct. 3, 98 L.Ed. 363 (1953)].

22. Walker v. Johnston, supra note 11, 312 U.S. at 286, 287, 61 S.Ct. at 579.