**Willa Dean LATHROP et al., Appellants,**

v.

**OKLAHOMA CITY HOUSING AUTHORITY, etc., et al., Appellees.**

No. 622–70.

United States Court of Appeals,
Tenth Circuit.

Feb. 12, 1971.

Barry Benefield, for appellants.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

PER CURIAM.

We granted leave to appeal in forma pauperis on the limited issue of the timeliness of the notice of appeal. The plaintiffs-prospective appellants were denied injunctive relief by the district court and judgment was entered on June 5, 1969. Timely post-trial motions were filed and denied on August 15, 1969, but apparently no notice of their denial was sent to the parties as is required by Rule 77(d), Federal Rules of Civil Procedure.

Much later, on January 28, 1970, one of the attorneys visited the district court and received first knowledge that the post-trial motions had been denied. On February 27, 1970, the district court was requested, by motion, to withdraw the August order and re-enter it as of January 28, 1970, or later, alleging lack of notice. A notice of appeal was also filed on February 27, 1970. The district court denied the motion to withdraw and re-enter judgment.

Rule 77(d), supra, also provides: " * * * Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed * * *." We have held that Rule 77(d) "thus plainly charges the prospective appellant with the duty of following the progress of the action and advising himself when the court makes the order he wishes to protest." Long v. Emery, 383 F.2d 392, 394 (10th Cir. 1967). Similarly, see Buckley v. United States, 382 F.2d 611 (10th Cir. 1967), cert. denied, 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968).

A court of appeals acquires jurisdiction of an appeal from a district court decision only upon the filing of a timely notice of appeal. Durham v. United States, 400 F.2d 879 (10th Cir. 1968), cert. denied, 394 U.S. 932, 89 S. Ct. 1204, 22 L.Ed.2d 462 (1969); Stone v. Wyoming Supreme Court, 236 F.2d 275 (10th Cir. 1956). This requirement is mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220, 80 S. Ct. 282, 4 L.Ed.2d 259 (1960). Appellants urge a contrary conclusion based on Schacht v. United States, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970). That case is inapplicable since the Court differentiated between rules enacted by Congress and those promulgated by the Court pursuant to authority from Congress. In the instant case, we are concerned with 28 U.S.C. § 2107 and Rule 4(a) Federal Rules of Appellate Procedure and are aware of no cases that hold other than that a timely notice of appeal is mandatory and jurisdictional.

The appellants were afforded an opportunity to brief the timeliness issue which they have done. A thorough consideration of this question convinces us that the notice was untimely which necessitates our dismissing.

The appeal is dismissed.