**James X. REESE, Petitioner-Appellant,**

v.

**Dr. James G. RICKETTS, Superintendent, Georgia Diagnostic and Classification Center, Respondent-Appellee.**

No. 75–4204

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

July 12, 1976.

James X. Reese, pro se.

Arthur K. Bolton, Atty. Gen., Robert S. Stubbs, II, Chief Deputy Atty. Gen., Richard L. Chambers, Deputy Atty. Gen., G. Thomas Davis, Senior Asst. Atty. Gen., G. Stephen Parker, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Petitioner seeks a Certificate of Probable Cause and leave to appeal in forma pauperis from the denial of his second federal habeas corpus petition. We grant the Certificate and leave to appeal in forma pauperis for the purpose of allowing us to affirm on the merits the District Court's denial of the habeas writ.

Petitioner, represented by court-appointed counsel, was convicted by a jury of armed robbery and was sentenced to life imprisonment on October 27, 1966. A few days later he was convicted of a second charge of armed robbery on his plea of nolo contendere and sentenced to a concurrent life term.

After exhausting his state remedies, petitioner sought habeas relief in the District Court. This initial habeas petition was denied on November 24, 1969. This Court denied Certificate of Probable Cause and leave to appeal in forma pauperis, and the Supreme Court denied *certiorari. Reese v. Smith*, 1971, 400 U.S. 1011, 91 S.Ct. 577, 27 L.Ed.2d 625.

Petitioner then filed a second habeas petition in the District Court which raised several issues. The District Court dismissed on the grounds that all issues had been ruled upon in the prior habeas proceeding. This Court granted a Certificate of Probable Cause and affirmed as to all issues save one, the allegation that petitioner's grand and petit jury had been selected from racially segregated tax rolls, which was an issue not presented in the prior petition. *Reese v. Hopper*, 5 Cir., 1975, 510 F.2d 1406. We remanded for an evidentiary hearing on the jury discrimination issue.

On remand, the District Court consolidated this case with that of petitioner's co-defendant, who filed a habeas petition raising the same jury discrimination issue. After hearing the testimony of petitioner's trial counsel and of the Clerk of the Court wherein petitioner was tried, the District Court by order of July 18, 1975 found that (i) petitioner's trial counsel, upon arraignment, reserved the right to file pre-trial motions, (ii) trial counsel was "jury con-

scious" and discussed the matter with petitioner and his co-defendant, (iii) petitioner and his co-defendant agreed that all jury decisions should be made by counsel, and (iv) counsel was aware of the favorable racial composition of the panels from which the petit jury was to be stricken. Though the master role from which the indicting grand jurors were randomly drawn, compiled in 1965, had been destroyed, at least 15 of the 48 jurors on the panels from which the petit jury was to be chosen were black, and 10 of the 12 jurors on petitioner's petit jury were black.

The District Court concluded that petitioner's trial counsel did not make an issue of the jury selection procedures because of the existence of favorable panels from which the petit jury would be stricken and that petitioner had deliberately bypassed challenging the jury selection procedures. Relying on the waiver by deliberate bypass theory of *Fay v. Noia*, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and *Aaron v. Capps*, 5 Cir., 1975, 507 F.2d 685, rather than waiver by procedural default, *see Francis v. Henderson*, 1976, —— U.S. ——, 96 S.Ct. 1708, 48 L.Ed.2d 149, 44 U.S.L.W. 4620; *Davis v. United States*, 1973, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216, the District Court ruled that petitioner was barred from raising the merits of the constitutionality of the jury selection procedures in his habeas petition.

On application for Certification of Probable Cause and leave to appeal in forma pauperis from this order, a Judge of this Court ordered that the Certificate and leave to appeal in forma pauperis be granted to the limited extent that the transcript of the evidentiary hearing be prepared at government expense so that this Court could adequately consider the application.

We have now received and examined the transcript of the evidentiary hearing held pursuant to our remand on the jury discrimination issue. We are satisfied that the findings of the District Court on the deliberate bypass of the jury discrimination issue are not clearly erroneous, and petitioner is

precluded from now challenging the jury selection procedures.

To enable us to review the merits we grant the Certificate of Probable Cause and leave to appeal in forma pauperis but on the record we uphold the judgment of the District Court.

AFFIRMED.