Frank A. VICARETTI, Jr.,
Petitioner-Appellant,

v.

Robert J. HENDERSON, Superintendent, Auburn Correctional Facility,
Respondent-Appellee,

and

Lawrence T. Kurlander,
Intervenor-Appellee.

No. 965, Docket 79–2186.

United States Court of Appeals,
Second Circuit.

Argued April 1, 1980.

Decided July 21, 1980.

On Motion for Rehearing April 2, 1981.

---

Before VAN GRAAFEILAND and NEWMAN, Circuit Judges, and GOETTEL,* District Judge.

NEWMAN, Circuit Judge:

This motion for rehearing calls into question the propriety of this Court's occasional practice of limiting the grounds of an appeal to one or more specified issues when issuing a certificate of probable cause to permit appeal from denial of a state prisoner's petition for habeas corpus. 28 U.S.C. § 2253 (1976). Appellant's *pro se* petition for habeas corpus relief to challenge his state court conviction for first degree rape was denied by the District Court for the Western District of New York (Harold Burke, Judge). A panel of this Court granted petitioner's motion for issuance of a certificate of probable cause, limited to the issue of whether petitioner's constitutional rights had been denied by comments to the prosecutor during summation. Upon consideration of that issue, this panel affirmed the District Court's judgment in an order. No. 79–2168, July 21, 1980, 633 F.2d 208. Appellant then sought rehearing, pointing out the lack of explicit statutory authority for a limited certificate of probable cause and asking for review of all of his claims.

The practice of issuing limited certificates of probable cause in connection with habeas corpus appeals has been used in several circuits, without discussion. *United States ex rel. Nunes v. Nelson*, 467 F.2d 1380 (9th Cir. 1972); *Nelson v. Moore*, 470 F.2d 1192, 1194 n.1 (1st Cir. 1972), *cert. denied*, 412 U.S. 951, 93 S.Ct. 3017, 37 L.Ed.2d 1003 (1973); *Johnson v. Bennett*, 386 F.2d 677, 678 (8th Cir. 1967), *vacated on other grounds*, 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968); *United States ex rel. Sadowy v. Fay*, 284 F.2d 426, 427 (2d Cir. 1960), *cert. denied*, 365 U.S. 850, 81 S.Ct. 814, 5 L.Ed.2d 814 (1961). The Third Circuit has ruled against the power to limit the certificate, *United States ex rel. Hickey v. Jeffes*, 571 F.2d 762, 765–66 (3d Cir. 1978), and the First Circuit has expressed its doubts on the matter. *Haller v. Robbins*, 409 F.2d 857, 858 n.1 (1st Cir. 1969). The Third Circuit emphasized in *Hickey* the lack of explicit authority for the practice and also pointed out the undesirability of permitting a single judge, who has authority to issue the certificate, to limit the issues that may be considered by a Court of Appeals panel. Even where the limitation was imposed by a panel, the Third Circuit thought it inadvisable to bind the panel hearing the appeal, lest that second panel be obliged to dispose of the appeal on the designated issue, which might involve a novel constitutional claim, whereas examination of the entire record might reveal a ground for reversal based on settled doctrine.

We do not find the absence of explicit authority in § 2253 dispositive. The Supreme Court has faced a similar issue in exercising its discretionary authority to grant writs of certiorari to review cases in federal courts of appeals, 28 U.S.C. § 1254(1) (1976), and certain judgments of state courts, 28 U.S.C. § 1257(3) (1976). Even though the absence of explicit issue-limiting authority stands in sharp contrast to the authority to review specific questions certified to the Supreme Court by a Court of Appeals, 28 U.S.C. § 1254(3) (1976), the Supreme Court has frequently issued writs of certiorari limited to one or more specific issues. *E. g., Marchetti v. United States*, 385 U.S. 1000, 87 S.Ct. 698, 17 L.Ed.2d 540 (1967); *Berger v. New York*, 385 U.S. 967, 87 S.Ct. 505, 17 L.Ed.2d 432 (1966); *Bostick v. South Carolina*, 385 U.S. 813, 87 S.Ct. 81, 17 L.Ed.2d 53 (1966); *Washington v. Texas*, 385 U.S. 812, 87 S.Ct. 123, 17 L.Ed.2d 54 (1966).

Though the standards for the exercise of the Supreme Court's certiorari authority

---

* The Honorable Gerard L. Goettel of the United States District Court for the Southern District of New York, sitting by designation.

differ from those applicable to issuance of a certificate of probable cause, *compare* Sup. Ct.Rule 19 *with Alexander v. Harris*, 595 F.2d 87, 90–91 (2d Cir. 1979); *see also Urbano v. Sondern*, 370 F.2d 13, 14 (2d Cir. 1966) (*in forma pauperis* appeal), both practices involve a court's sensible attempt to focus the attention of the litigants on the issues that merit review under the relevant standard. A similar practice exists with respect to granting leave to appeal *in forma pauperis*, 28 U.S.C. § 1915(a) (1976). *E. g., Daye v. Bounds*, 509 F.2d 66 (4th Cir.), *cert. denied*, 421 U.S. 1002, 95 S.Ct. 2404, 44 L.Ed.2d 671 (1975); *Lathrop v. Oklahoma City Housing Authority*, 438 F.2d 914 (10th Cir.), *cert. denied*, 404 U.S. 840, 92 S.Ct. 132, 30 L.Ed.2d 73 (1971); *Savage v. Hadlock*, 296 F.2d 417 (D.C.Cir.1961); *see also Reese v. Ricketts*, 534 F.2d 1180 (5th Cir. 1976) (*in forma pauperis* appeal and certificate of probable cause limited); *Bolden v. Clemmer*, 298 F.2d 306 (D.C.Cir.1961) (same).

We share the Third Circuit's concern that one judge of a Court of Appeals, who is authorized to issue a certificate of probable cause, should not be able to preclude a panel of three judges from considering the petitioner's claims. However, our response to that concern is not to prohibit limited certificates of probable cause, but to recognize their authoritativeness in limiting issues only when acted upon by a three-judge panel. Even in that circumstance, we do not view the limitation as jurisdictional, but more akin to a ruling entitled to be considered as the law of the case. *See United States v. Fernandez*, 506 F.2d 1200 (2d Cir. 1974). As such, the limitation is normally to be respected by the panel that considers the merits of the appeal, but the panel would always have authority to broaden the scope of the appeal if persuaded that such further consideration would be "just under the circumstances." 28 U.S.C. § 2106 (1976).

In this case, we find no compelling reasons to broaden the scope of review beyond the one issue specified when the prior panel issued a certificate of probable cause. Accordingly, the motion for rehearing is denied.

GOETTEL, District Judge (concurring and dissenting):

For the reasons stated in my concurring opinion on the decision of this appeal, I dissent from the conclusion of the Court that there is no compelling reason to broaden the scope of review beyond the issue specified by the panel that issued the certificate of probable cause.

With respect to the remainder of the decision, which authorizes the limitation of issues certified for appeal, but allows the panel that hears the appeal to broaden the scope if persuaded that such would be just, I concur in the result, but without much confidence in the legal precedent cited. It is true that this Court, in *Alexander v. Harris*, 595 F.2d 87, 90–91 (2d Cir. 1979), equated the issuance of certificates of probable cause with the Supreme Court's granting of certiorari, as being a sensible attempt to focus on issues meriting review. In my opinion, however, that decision was deficient in failing to observe the at least facially different standard set forth under the then new Rules Governing Section 2254 Cases. Rule 4 provides for summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." The Court equated that with the frivolous claims standard used in judging petitions when appealed. It is submitted that it is possible (as occurred in *Alexander v. Harris*) to have a petition that is not frivolous, but plainly appears not to entitle the petitioner to relief. It occurred in that case because a scholarly state court opinion had thoroughly disposed of the petitioner's claims, so that the disposition of the petition was certain, although the issue was not frivolous.

Moreover, analogy to the Supreme Court's certiorari practice is not particularly helpful, since it is not clear where the Supreme Court obtains that power. At common law, a writ of certiorari entailed a review of the entire record from the lower court. *See* 1 W.S. Holdsworth, *A History of English Law* 228 (3d ed. 1922). The statute covering certiorari allows the Su-

preme Court to grant or deny the writ, but makes no reference to limiting the writ to specific questions. 28 U.S.C. § 1254(1). (In contrast, 28 U.S.C. § 1254(3) specifically allows a circuit court to certify only certain questions for review by the Supreme Court.)

Regardless of the absence of specific procedures or authority, appellate courts should have the inherent discretion to limit issues heard on appeal where a certificate of probable cause is required. It seems that there are few serious state felony convictions that do not eventuate in federal habeas corpus petitions. Virtually all unsuccessful petitioners attempt to appeal. Where appeal is allowed, a court appointed attorney (paid by the federal government) is usually assigned. The enormous burden on the federal courts must be alleviated, while at the same time preserving access to the courts for the petitioner with a valid grievance. One way of accomplishing this is by retaining the power of the appellate courts to restrict the issues on appeal to those that are worthy of being heard. Consequently, I concur in principle with the rule enunciated by the Court and dissent only from its application to this particular case.