**Michael ROMAN,**
**Petitioner-Appellee-Cross-Appellant,**

v.

**Robert ABRAMS, Attorney General of the State of New York,**
**Respondent-Appellant-Cross-Appellee.**

**Dockets 85–2191, 85–2201.**

United States Court of Appeals,
Second Circuit.

Submitted Jan. 28, 1986.

Decided May 9, 1986.

Lawrence Mark Stern, New York City, for petitioner-appellee-cross-appellant.

Mario Merola, Dist. Atty., Bronx County, Bronx, N.Y. (Peter D. Coddington, Allen H. Saperstein, Asst. Dist. Attys., of counsel), for respondent-appellant-cross-appellee.

Before OAKES, WINTER and PRATT, Circuit Judges.

PER CURIAM:

Michael Roman obtained a writ of habeas corpus from Judge Brieant on the basis of alleged constitutional violations in the prosecutor's use of peremptory challenges, 608 F.Supp. 629. In Docket No. 85–2191, the state appeals from the issuance of the writ and the order of a new trial. Roman has moved for confirmation of the district court's appointment of counsel on appeal, and we grant that motion.

In Docket No. 85–2201, Roman seeks a certificate of probable cause in order to cross-appeal from the district court's rejec-

tion of two other claims he made in that court. Alternatively, he seeks to cross-appeal without such a certificate. We have examined the claims rejected by the district court—an alleged unconstitutional use of a challenge for cause and ineffective assistance of counsel—and have concluded they are meritless. Therefore, Roman is not entitled to a certificate of probable cause, and we must address the question whether he may cross-appeal without such a certificate.

We have previously held that we have the power to limit a certificate of probable cause to one or more specified issues when a state prisoner appeals from the denial of a writ of habeas corpus. *Vicaretti v. Henderson*, 645 F.2d 100 (2d Cir.1980), *cert. denied*, 454 U.S. 868, 102 S.Ct. 334, 70 L.Ed.2d 171 (1981). We have not previously addressed the issue posed in this case, namely, whether, after the state has appealed from a decision granting the writ on specified grounds, the prisoner may cross-appeal from the denial by the district court of other claims as a matter of right or whether a certificate of probable cause is required.

We believe the instant case is controlled by the rationale adopted in *Vicaretti*. Had Roman lost on all his claims, he would have had to have sought a certificate of probable cause to appeal any of them. Even if that were granted, moreover, it might validly be limited to one of his many claims. We see no reason why his success in the district court on one claim alters the procedure for appealing from his loss on the remaining claims. As we noted in *Vicaretti*, the use of a limited certificate of probable cause "involve[s] a court's sensible attempt to focus the attention of the litigants on the issues that merit review under the relevant standard." 645 F.2d at 102. Precisely the same considerations apply when, after the writ of habeas corpus has been granted on one ground, the petitioner seeks to cross-appeal from the dismissal of other grounds asserted in the district court. Requiring a certificate of probable cause in those circumstances also focuses the attention of litigants and the court on potentially meri-

torious issues, while avoiding the waste of judicial resources in a futile review of clearly meritless claims. We thus find no relevant difference between this case and *Vicaretti*.

We decline to issue a certificate of probable cause and dismiss the cross-appeal.