978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 GREYHOUND FINANCIAL CORPORATION, formerly known as Greyhound
Leasing & Financial Corporation; Greycas, Inc.,
an Arizona corporation, Plaintiffs-Appellees,
v.
Syed Arshad HASAN, Defendant-Appellant,
and
J.R. Willyard, et al., Defendants.
GREYHOUND FINANCIAL CORPORATION, formerly known as Greyhound
Leasing & Financial Corporation; Greycas, Inc.,
an Arizona corporation, Plaintiffs-Appellees,
v.
J.R. WILLYARD, et al., Defendants,
and
Waheeda Hasan, Defendant-Appellant.
 Nos. 91-4129, 91-4130.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The district court entered final judgment in this case on March 25, 1991. On April 29, 1991, defendants-appellants S.A. and Waheeda Hasan (the Hasans) filed an untimely notice of appeal and a motion to extend the time for filing a notice of appeal, asserting that they had not received a copy of the final judgment until April 25, 1991. The district court denied the motion. The Hasans appeal and we affirm.
 
 
 3
 Under Rule 4(a)(1), Fed.R.App.P., the Hasans were required to file their notice of appeal within thirty days after March 25, 1991, the date the final judgment was entered. Rule 77(d), Federal Rules of Civil Procedure, provides that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Rule 4(a)(5) in turn provides that the district court, "upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." The court's resolution of a claim of excusable neglect will be reversed on appeal only for a clear abuse of discretion. See Romero v. Peterson, 930 F.2d 1502, 1505 (10th Cir.1991).
 
 
 4
 In denying the Hasans' Rule 4(a)(5) motion here, the district court pointed out that mere lack of notice does not excuse the failure to file a timely notice of appeal, and that the Hasans were aware that the entry of final judgment was imminent because they had filed objections to the proposed form of the judgment submitted by plaintiffs. On appeal, the Hasans continue to assert that they are entitled to an extension of time because they did not receive notice of the entry of judgment soon enough to file a timely appeal. This fact alone, of course, does not excuse their failure to timely file. The Hasans were obligated to follow the progress of the action and take steps to ascertain the date of entry of the final judgment. See Lathrop v. Oklahoma City Hous. Auth., 438 F.2d 914, 915 (10th Cir.1971). The Hasans' failure to ascertain the date of final judgment is particularly difficult for them to justify because, as the district court pointed out, they were on notice that final judgment would be entered shortly. Although the Hasans also charge that personnel in the clerk's office and the district court lied and conspired, these allegations are totally unsupported. Moreover, the Hasans do not address their own lack of diligence.
 
 
 5
 We conclude that the district court did not clearly abuse its discretion, and we affirm the denial of the motion for extension of time to file a notice of appeal.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3